The STATE of Ohio, Appellee,

v.

STONE, Appellant.

[Cite as *State v. Stone* (1990), 69 Ohio App.3d 383.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004762.

Decided Sept. 12, 1990.

*Gregory A. White*, Prosecuting Attorney, for appellee.

*Barbara A. Webber*, for appellant.

CACIOPPO, Judge.

Appellant Derrick Andre Stone appeals from the jury's verdict finding him guilty of the offenses of receiving stolen property, theft, and breaking and entering. We affirm.

### Facts

This is Stone's second trial for these charges. In his first trial, Stone exercised his Sixth Amendment right to self-representation. The trial court appointed counsel to assist Stone. Although minimal, standby counsel's participation impacted the events in the first trial.

In the first trial, Stone conducted his own defense from *voir dire* to when the jury retired to deliberate. While he was not present, the court received a message from one of the deliberating jurors. The message read as follows:

"I Linda Kay Tarpley feel that due to the fact that I have known the defendant's acquaintances (parents?) that are present today in the courtroom on a friendly and spiritual (church) basis that I will not feel comfortable with making an honest verdict. I have a fear of possible bodily harm or harassment from Andre's friends or associates if they are informed that I was on the jury that found him guilty. I've work in the local supermarket (Fazio's, Rini–Rego Stop-n-Shop) for the past 20 years, *Everyone* on the westside of Lorain, all races recognize me. I don't believe I'll be able to continue to live comfortably. I am asking to please be excused from this case. Thank you, Linda Kay Tarpley."

Stone's standby counsel, Cardé, the prosecutor, and the trial judge discussed the juror's request. The record reveals the state's concern over Stone's absence. Cardé indicated that Stone's due process rights would not be compromised if the alternate juror replaced the fearful Tarpley. The trial court dismissed Tarpley and replaced her with the alternate juror.

The jury returned its verdict of guilty on all counts. Defendant was sentenced and new counsel, Christopher Rothgery, was appointed for pur-

poses of appeal. After Rothgery reviewed the transcript, he discovered the substitution of the alternate juror. Rothgery contacted Tarpley and subsequently filed a motion for a new trial. The state opposed the motion on the grounds that it was not timely nor was there newly discovered evidence to justify bypassing the fourteen-day requirement of Crim.R. 33(B). The trial court denied the motion.

Stone appealed. We reversed the convictions stating:

"Stone was denied a fair chance to present a defense. *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177 [104 S.Ct. 944, 950, 79 L.Ed.2d 122, 132]. He had no opportunity to object to the substitution or to advance the argument that Mrs. Tarpley may have discussed her fears with the other jurors and thereby tainted the entire fact-finding process. Stone was denied his right to preserve control over his own defense. *McKaskle v. Wiggins, supra,* at 178 [104 S.Ct. at 951, 79 L.Ed.2d at 133–134], citing *Faretta v. California* (1975), 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]."

See *State v. Stone* (Oct. 4, 1989), Lorain App. No. 89CA004522, unreported, 1989 WL 117280.

A new trial was scheduled. Stone's counsel for the first appeal was appointed to represent Stone. Apparently, Stone chose to approach the retrial differently. He did not want counsel's assistance nor did he want to appear *pro se.* Before trial, the court discussed the issue of representation with Stone.

"MR. ROTHGERY: Yes, Your Honor.

"If I could I would like to go on the record about a few matters before the Jury is brought in.

"THE COURT: Very well.

"MR. ROTHGERY: I would like to indicate to the Court that as previously has been put on the record at pretrials, Mr. Stone does not wish me to represent him, and I moved to withdraw from the case and the Court decided I would not be allowed to withdraw. Because of that, Mr. Stone has indicated he does not wish me to act as counsel in this matter. I'm to be assisting rather than as counsel of record. He would be representing himself pro se.

"Mr. Stone said he will not take any action whatsoever to represent himself. He will remain here, yet not try the case. I think that should be put on the record.

"Further, Your Honor, I think, the last plea bargain from the State of Ohio would be a minimum incurred sentence which would mean one year's time. Instead Mr. Stone has chosen to go forward and chance the 5 years he was given at the previous trial.

"THE COURT: Mr. Stone, is what your attorney stated correct?

"Mr. Stone, I'll ask you again, is what your attorney stated correct?

"THE DEFENDANT: No.

"THE COURT: Do you wish to represent yourself in this matter?

"THE DEFENDANT: No, sir.

"THE COURT: Do you wish to then proceed pro se?

"THE DEFENDANT: No, sir.

"THE COURT: What do you wish?

"THE DEFENDANT: Just to remain silent throughout the trial.

"THE COURT: Very well, Mr. Rothgery will be seated at the table.

"The first trial that we had you chose to represent yourself and proceeded by yourself. Do you wish to do the same thing again this time?

"THE DEFENDANT: No, sir.

"THE COURT: What is your pleasure?

"THE DEFENDANT: I stated it once already.

"THE COURT: Could you state it once more?

"THE DEFENDANT: I'm going to sit quietly throughout the whole trial.

"THE COURT: Very well.

"Mr. Rothgery will be here at the trial table, should you choose to want Mr. Rothgery to act on your behalf, he will be there for you. Is that your pleasure?

"THE DEFENDANT: If that's what the Court chooses.

"THE COURT: It's what you choose, Mr. Stone. Do you want Mr. Rothgery to act on your behalf?

"THE DEFENDANT: No, sir.

"THE COURT: And he will be at the table should you change your mind, or you need him during the trial Mr. Rothgery will be there.

"So you will remain during the trial should Mr. Stone choose to have you represent him he will ask for your advice. So sit there through the trial.

"MR. ROTHGERY: If I may add one more thing for the record. From correspondence with Mr. Stone I believe he's laboring under the misimpression that this trial would be a matter of double jeopardy. I think the case law is clear on that. If the defendant takes up an appeal and if the Court is reversed, it is not. I think that is one of the reasons he's going about it in this manner.

"THE COURT: That's correct, it is not double jeopardy. If he chooses to not have you represent him, please sit there throughout the trial.

"Mr. Stone, do you want to change your outfit at all?

"I take it you are shaking your head no.

"THE DEFENDANT: No sir.

"THE COURT: Take your jacket off, if you wish. If it's your desire to remain dressed as you are, that's the way you will remain dressed.

"Is that your choice, Mr. Stone?

"THE DEFENDANT: Yes."

The jury found Stone guilty on all three counts. Stone assigns three errors in his appeal:

### Assignment of Error I

"The trial court erred in allowing appellant to represent himself without advising him of his rights so as to make a knowingly [*sic*] and intelligent waiver on the record and without obtaining a written waiver of counsel."

Stone relies on Crim.R. 44(C) in contending that he did not make a written waiver of counsel. Absent a written knowing, intelligent and voluntary waiver, Stone contends his fundamental right to counsel has been usurped and any imprisonment precluded.

Stone is no stranger to the criminal justice system. In his first trial on the same charges, he represented himself. He now argues that he has become a victim to the system.

The right to representation by counsel is fundamental. An accused who is unable to obtain counsel must have counsel appointed or make a written, knowing, intelligent and voluntary waiver. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. Absent a waiver or without representation, no imprisonment may be imposed. *Id.* at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538.

In this case, the trial court permitted Stone to exercise his Sixth Amendment right to self-representation. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. In spite of his early statements that he would remain silent throughout trial, Stone conducted the cross-examination of several witnesses. Although minimally, standby counsel did participate.

This court will not predicate error upon a deliberate strategy pursued by an accused. Stone's attempt to thwart the judicial process must fail. We overrule his first assignment of error.

### Assignment of Error II

"Appellant was denied a fair trial due to ineffective assistance of counsel."

Stone contends that his counsel was ineffective because he made no opening statement or closing argument, and neither presented nor cross-examined witnesses. He now claims that since counsel was there, counsel had the duty to represent him.

To establish this claim, Stone must show that counsel violated an essential duty to him and that but for said violation, there was a reasonable probability that the outcome of the trial would have been different. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Stone has failed to demonstrate how standby counsel failed his duty. When necessary, counsel objected. That counsel respected Stone's decision to pursue the trial strategy that he did will not now be considered a violation of duty. Because Stone has failed to demonstrate the first prong of ineffectiveness, we overrule the second assignment of error.

### Assignment of Error III

"The trial court erred in sentencing appellant separately for the allied offenses of receiving stolen property and grand theft."

Stone contends that, pursuant to R.C. 2941.25, theft and receiving stolen property are allied offenses of similar import and that the trial court should not have convicted him on both offenses.

Stone did not object to the sentencing or convictions at the trial level. Generally this would be a waiver of the error claimed. *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640, 645. Given the nature of Stone's chosen hybrid representation, we will address the error on substantive grounds.

In *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus, the court set forth the following two-tiered test:

"Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each

crime, the defendant may be convicted of both offenses. (*State v. Blankenship* [1988], 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817, approved and followed.)"

The two crimes, receiving stolen property and theft, are allied offenses of similar import. *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133. Our analysis then moves to the second step to determine whether Stone can be convicted of both offenses.

The charge of receiving stolen property related to Stone's possession of a credit card belonging to another. The theft charge related to Stone's use of that card to withdraw money from a bank machine. Clearly, the crimes were committed separately and with a separate animus for each. There can be no error.

Accordingly, we overrule Stone's first, second and third assignments of error. The decision of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and CIRIGLIANO, J., concur.