Village of HUDSON, Appellee,

v.

SOUTH, Appellant.

[Cite as *Hudson v. South* (1994), 99 Ohio App.3d 208.]

Court of Appeals of Ohio,
Summit County.

No. 16675.

Decided Dec. 14, 1994.

*William Chris,* for appellee.

*Richard Eisenberg,* for appellant.

———————

Cook, Judge.

Edward South appeals from an order sentencing him after he pled no contest to charges of driving under the influence of alcohol and driving under suspension. He argues that (1) the trial court abused its discretion by not granting him a continuance of a suppression hearing at which his counsel was unable to appear, (2) the court erred in not ruling on his motion to suppress evidence, and (3) the court erred in finding that the police had probable cause to stop his vehicle. We reverse because the trial court should have continued the pretrial hearing.

South was arrested and charged with driving under the influence, driving while having a prohibited blood-alcohol content, driving under suspension, and changing lanes illegally. He pled not guilty.

South then moved to suppress various items of evidence. The trial court scheduled a hearing on this motion for December 9, 1993. On or about December 6, 1993, South fired his attorney and retained other counsel. This attorney, who was not able to attend the hearing because of a prior commitment, moved the court to continue the hearing. This motion was filed the day before the scheduled hearing.

South appeared at the December 9 hearing without his attorney. At the beginning of the hearing, South informed the court that he was without counsel that day because his attorney was unable to appear. The court ordered that the hearing proceed as scheduled. South again raised the issue of his being unrepresented when the time came for him to cross-examine the arresting officer.

A trial was set for February 15, 1994. On that date, South agreed to plead no contest to the charges of driving under the influence and driving while under

suspension. After receiving his sentence, South appealed to this court, asserting three assignments of error.

## Assignment of Error I

"The trial court erred by not granting [South] a reasonable continuance to allow representation by new counsel at a critical stage of the criminal proceedings."

South argues that the trial court should not have forced him to proceed without counsel at the pretrial hearing on his motion to suppress. He asserts that this hearing constituted a "critical stage" of the proceedings and that, therefore, he had a constitutionally protected right to have counsel present at that hearing. He further asserts that he did not waive this right by appearing at the hearing without an attorney.

■■■ We first examine whether South enjoyed the right to counsel, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, at the hearing. The United States Supreme Court has recognized that the defendant's right to counsel attaches not only at trial but also at pretrial proceedings in which "the accused [is] confronted, just as at trial, by the procedural system, or by his expert adversary, or by both." *United States v. Ash* (1973), 413 U.S. 300, 310, 93 S.Ct. 2568, 2574, 37 L.Ed.2d 619, 627; see, also, *United States v. Gouveia* (1984), 467 U.S. 180, 189, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146, 155. We must "analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *United States v. Wade* (1967), 388 U.S. 218, 227, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149, 1157. At the hearing, South was confronted by his adversary and by the procedural system. The adversarial nature of the hearing created the strong potential for prejudice to South's rights. We find that the hearing on South's motion to suppress evidence constituted a "critical stage" of the prosecution against him and, therefore, South had a constitutional right to be represented by counsel at that proceeding.

■■■ We must now determine whether the trial court abused its discretion by refusing to continue the hearing. The decision of whether to grant a continuance "is entrusted to the broad, sound discretion of the trial judge" and should not be disturbed absent an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 42–43, 423 N.E.2d 1078, 1079–1080. "Abuse of discretion" suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404

N.E.2d 144, 148–149. In *Unger, supra,* the Ohio Supreme Court listed the factors that a court should consider in evaluating a motion for a continuance:

"[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Id.* at 67–68, 21 O.O.3d at 43, 423 N.E.2d at 1080.

We find that the trial court abused its discretion by refusing to continue the hearing. Most important, a continuance would have permitted South to exercise his constitutionally guaranteed right to counsel, instead of forcing him to proceed without an attorney. The other *Unger* factors also show the propriety of a continuance in this case. South neither requested nor received any other continuances. South moved to continue the hearing only because his attorney was not available on that day. He was not seeking to continue the hearing for improper reasons, nor was he seeking a lengthy continuance. After considering all of the *Unger* factors, we find that the trial court abused its discretion by failing to continue the pretrial hearing.

 We also find that South did not waive his right to counsel. Generally, "[a]n accused who is unable to obtain counsel must have counsel appointed or make a written, knowing, intelligent and voluntary waiver." *State v. Stone* (1990), 69 Ohio App.3d 383, 388, 590 N.E.2d 1283, 1286, citing *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. Before concluding that the defendant has waived his right to counsel, the court must inquire into the circumstances of the case, including the defendant's background, experience, and conduct. *State v. Wagner* (1993), 88 Ohio App.3d 27, 31, 623 N.E.2d 104, 106–107. Here, South did not waive his right to counsel. Indeed, the following exchange indicates that South did not want to proceed without his attorney:

"Mr. South: Well, I'd like to make the point that I'm without counsel.

"The Court: I don't care.***"

This exchange, as well as the rest of the record, also indicates that the court did not sufficiently inquire into the circumstances of the case before concluding that South could proceed without counsel. Under these facts, we cannot conclude that South waived his right to counsel at the hearing.

 We also consider whether the court's decision not to continue the hearing amounts to harmless error. "[B]efore a federal constitutional error can

be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California* (1967), 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710–711. As a result of the hearing, the trial court decided not to exclude the evidence from the night of South's arrest. We cannot determine that this result, clearly unfavorable to South, could not have been different had he been represented by counsel. We cannot, therefore, find that the error was harmless beyond a reasonable doubt.

South's first assignment of error is sustained.

### Assignments of Error

"II. The trial court erred in not ruling on [South]'s motion to suppress.

"III. The trial court erred in finding 'probable cause' to stop [South]."

These assignments of error are rendered moot by our decision to sustain South's first assignment of error. We, therefore, will not analyze these issues. App.R. 12(A)(1)(c).

The judgment of the trial court is reversed and the cause is remanded to that court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and DICKINSON, J., concur.