DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Nicholas C. Pfaff has appealed from his conviction and sentence in the Medina Municipal Court. This Court reverses.
 I {¶ 2} The case sub judice involves two separate hearings which were continued numerous times: one concerning an appeal of an Automatic License Suspension ("ALS") and one concerning a suppression hearing. As Appellant is only challenging his conviction based upon the denial of his motion to suppress, *Page 2 
this Court will limit its recitation of the procedural history to the events surrounding the suppression hearing.[1]
 {¶ 3} On October 27, 2005, Defendant-Appellant Nicholas C. Pfaff pled not guilty to the charges that he violated R.C. 4511.19(A)(1)(A) (operating a vehicle while under the influence of alcohol), R.C.4511.19(A)(1)(B) (operating a vehicle with a prohibited blood alcohol content), and Medina City Ordinance 313.03(C)(1) (failure to obey a red light). On December 2, 2005, Appellant filed a motion to suppress unlawfully obtained evidence. The trial court set a hearing on Appellant's motion to suppress for January 9, 2006. On January 6, 2006 Appellant filed a motion to continue the suppression hearing due to a conflict with a civil jury trial in Cuyahoga County. The trial court granted the motion and continued the hearing to February 10, 2006.
 {¶ 4} Due to another scheduling conflict with a felony trial in Lorain County, Appellant filed another motion to continue on February 8, 2006. The trial court granted Appellant's motion and set the hearing for April 21, 2006. Appellant filed a third motion to continue on the day of that hearing, citing a conflict with a civil jury trial. The trial court granted Appellant's motion and rescheduled the hearing for June 12, 2006.
 {¶ 5} On June 8, 2006, Appellant filed a fourth motion to continue the hearing set for June 12, 2006. The trial court denied the motion to continue, *Page 3 
noting that Appellant had been granted three prior continuances and further, that Appellant's counsel had been aware of the potential conflict since March 23, 2006. The trial court then held the suppression hearing, noted that all parties save defense counsel were present and stated on the record that the hearing had been continued three times. The trial court found that defense counsel's failure to appear meant that the defense was not prepared to prosecute the motion to suppress and orally denied the motion. The trial court issued a judgment entry denying the motion that same day and set a jury trial for August 15, 2006.
 {¶ 6} Appellant filed a motion for reconsideration on June 19, 2006. On June 21, 2006, Appellant filed a motion to continue the jury trial due to another civil trial conflict. The trial court denied both Appellant's motion for reconsideration and his motion for a continuance.
 {¶ 7} On August 15, 2006, Appellant pled no contest to the charge of operating a vehicle while intoxicated. The remaining charges were dismissed. Appellant was sentenced on October 27, 2006 and the sentence was stayed pending appeal.
 {¶ 8} Appellant has timely appealed asserting one assignment of error.
 II Assignment of Error "THE MEDINA MUNICIPAL COURT COMMITTED REVERSIBLE ERROR BY SUMMARILY DISMISSING DEFENDANT'S MOTION TO SUPPRESS BECAUSE HIS COUNSEL WAS UNAVAILABLE ON THE DATE THE *Page 4 
MOTION HEARING WAS SCHEDULED BECAUSE HE WAS IN TRIAL IN ANOTHER COURT."
 {¶ 9} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress solely because Appellant's counsel was not present at the scheduled suppression hearing. Further, Appellant has argued that the trial court erred in denying his motion to continue the suppression hearing. This Court agrees that the trial court erred in denying Appellant's motion to suppress and accordingly, we reverse and remand.
 {¶ 10} The decision to grant or deny a continuance rests within the sound discretion of the trial court. Ungar v. Sarafite (1964),376 U.S. 575, 589; State v. Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 30, citing State v. Unger (1981), 67 Ohio St.2d 65, 67. An appellate court may reverse the trial court's decision if it amounts to an abuse of discretion. Id. To constitute an abuse of discretion, a trial court's attitude must be arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v.Crown City Mining Inc. (1993), 90 Ohio App.3d 546, 552.
 {¶ 11} When reviewing a motion for continuance, a court should consider the following factors:
 "[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested *Page 5 
delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, 67 Ohio St.2d at 67-68.
Further, an appellate court must balance "a court's right to control its own docket and the public interest in the prompt and efficient dispatch of justice against any potential prejudice to the moving party." In reKolling (Jan. 16, 2002), 9th Dist. No. 20697, at *5, citingUnger, 67 Ohio St.2d at 67. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Unger, 67 Ohio St.2d at 67, quotingUngar, 376 U.S. at 589.
 {¶ 12} Here, Appellant's counsel, Brent English, filed four motions for continuance. All four motions were filed at the last minute. Appellant's first motion was filed three days prior to the scheduled hearing. Appellant's second motion was filed two days prior to the hearing. Appellant's third motion was filed the same day as the scheduled hearing. And finally, Appellant's fourth motion was filed four days prior to the scheduled hearing.
 {¶ 13} Moreover, the fourth motion, which was denied, was filed due to a scheduling conflict with a trial of which Attorney English had notice nearly three months prior to the suppression hearing. Attorney English has proposed that an elaborate series of coincidences justify his failure to file the fourth motion in a *Page 6 
reasonably timely manner. First, his paralegal failed to present the motion for continuance to him for review and signing. Second, this oversight remained unnoticed by anybody in Attorney English's office for "some time." Third, the assistant primarily responsible for managing Attorney English's docket was on vacation in late May to early June. Fourth, the paralegal tasked with assuming the docketing responsibilities suffered a stroke on June 4, 2006, and according to Attorney English, "in retrospect, was having cognitive troubles the week before" and never advised Attorney English of the "looming scheduling conflict." According to Attorney English, when his assistant returned from vacation, she recognized the conflict and filed a motion for continuance.
 {¶ 14} This Court notes that Attorney English was aware of the scheduling conflict as of March 23, 2006, well before the hearing and also well before his assistant took her vacation. Attorney English had "sufficient time to make the proper arrangements to remedy the conflict" between his trial obligation and the suppression hearing in such a manner as to best serve the interests of his clients. Davis v.Dalton (July 28, 1999), 9th Dist. No. 98CA007099, at *2. See alsoTimeoni v. Ciancibelli, 11th Dist. No. 2006-A-0077, 2007-Ohio-2312, at ¶ 23.
 {¶ 15} Attorney English's procrastination assuredly caused inconvenience to the litigants and to the court. Therefore, based on the number of continuances requested and received, the inconvenience to the litigants and the court, as well as the dilatory manner in which Attorney English managed his caseload, this Court *Page 7 
cannot say that the trial court's denial of Appellant's fourth motion for continuance was arbitrary, unreasonable, or unconscionable.
 {¶ 16} However, while this Court concludes that the trial court did not abuse its discretion in denying the continuance, we do find error in its denial of Appellant's motion to suppress because, based on this Court's prior precedents, the trial court infringed on Appellant's right to counsel.
 {¶ 17} In Hudson v. South (1994), 99 Ohio App.3d 208, the appellant argued that the trial court erred by not granting him a reasonable continuance which in turn deprived him of representation at his suppression hearing.[2] This Court held that the suppression hearing was a critical stage of the criminal prosecution against the defendant and he was therefore entitled to counsel. This Court stated:
 "The United States Supreme Court has recognized that the defendant's right to counsel attaches not only at trial but also at pretrial proceedings in which `the accused [is] confronted, just as at trial, by the procedural system, or by his expert adversary, or by both.'" United States v. Ash (1973), 413 U.S. 300, 310. We must "`analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice.'" United States v. Wade (1967), 388 U.S. 218, 227. At the hearing, South was confronted by his adversary and by the procedural system. The adversarial nature of the hearing created the strong potential for prejudice to South's rights. We find that the hearing on South's motion to suppress evidence constituted a `critical stage' of the prosecution against him *Page 8 
and, therefore, South had a constitutional right to be represented by counsel at that proceeding." South, 99 Ohio App.3d at 211.
As in South, the suppression hearing in the matter sub judice was a "critical stage" of the prosecution. Appellant was confronted by his adversary and the system. The process was adversarial in nature. Further, it is clear from the record that Appellant did not waive his right to counsel at the hearing. The trial court simply denied Appellant's motion while he was effectively unrepresented, without affording him an opportunity to say or do anything.
 {¶ 18} Our holding in this case does not minimize Attorney English's responsibility in this matter. He filed four motions for continuance. Despite being filed at the last minute, the trial court granted three of them in the interest of fairness and cooperation. However, on the fourth motion, the court simply said "enough is enough." Despite Attorney English's awareness of the scheduling conflict and the "eleventh hour" nature of the motion, he proceeded to attend the conflicting trial without so much as contacting the court to check on the status of the motion. Attorney English presumed, upon the prior good will of the trial court, that it would be granted and failed to take reasonable and necessary precautions to protect Appellant's interests. Counsel is far from blameless for the underlying situation in this matter.
 {¶ 19} However, while the trial court has the right to control its docket, the court also has a duty to ensure a litigant's constitutional rights are protected. Here, Appellant was entitled to counsel and the trial court committed constitutional error *Page 9 
in refusing to continue the hearing in light of Attorney English's absence and ruling on Appellant's motion while he was effectively unrepresented. See South, 99 Ohio App.3d at 212. .
 {¶ 20} Based on the foregoing, Appellant's sole assignment of error has merit.
 III {¶ 21} Appellant's sole assignment of error is sustained. The judgment of the Medina Municipal Court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
MOORE, J. DICKINSON, J. CONCUR.
[1] Appellant formally withdrew the ALS appeal on January 31,2006.
[2] As in the instant matter, South was charged with driving under the influence and driving with prohibited blood alcohol content. South sought to suppress items of evidence from the night of his arrest. *Page 1