THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

[Cite as *State v. Edwards,* 107 Ohio St.3d 169, 2005-Ohio-6180.]

(No. 2004–0700—Submitted April 27, 2005—Decided December 7, 2005.)

MOYER, C.J.

{¶ 1} The Fifth District Court of Appeals has certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. It found its judgment to be in conflict with the judgments of the Seventh District Court of Appeals in *State v. Lake*, 151 Ohio App.3d 378, 2003-Ohio-332, 784 N.E.2d 162, and the Fourth District Court of Appeals in *State v. Carter* (Sept. 26, 2000), Ross App. No. 99CA2479, 2000 WL 1466189, on the following issue: "Whether the introduction into evidence of an unauthenticated copy of a calibration solution affidavit at a suppression hearing constitutes inadmissible hearsay." We respond to this question by holding that judicial officials at suppression hearings may rely on hearsay and other evidence to determine whether alcohol test results were obtained in compliance with methods approved by the Director of Health, even though that evidence may not be admissible at trial. Evid.R. 101(C)(1).

{¶ 2} On September 11, 2002, an Ohio State Highway Patrol trooper stopped a vehicle driven by appellant, Rebekah Edwards. During the stop, he detected an odor of alcohol coming from Edwards. After conducting field sobriety tests and observing her physical condition, the trooper arrested her. Testing with a BAC DataMaster determined the concentration of alcohol in Edwards's breath to be .134 grams of alcohol per 210 liters of breath. The trooper charged Edwards with driving under the influence of alcohol ("DUI") in violation of former R.C. 4511.19(A)(1) and (3), now (A)(1)(a) and (d).

{¶ 3} Edwards moved to suppress the results of the BAC DataMaster test, asserting multiple grounds. In addition to claiming that the trooper had no basis to conduct field sobriety tests and that he failed to wait 20 minutes between test attempts, Edwards contended that the "solution calibration documents from the Ohio Department of Health are inadmissible."

{¶ 4} At a hearing on Edwards's motion in the New Philadelphia Municipal Court, the trooper identified a document as a photocopy of a certificate [1] of approval by the Director of Health of an alcohol solution used to test the accuracy of the BAC DataMaster.[2] The director has required that instruments used for breath testing be checked for accuracy no less frequently than once every seven days "using an instrument check solution containing ethyl alcohol approved by the director of health." Ohio Adm.Code 3701–53–04(A)(2).

{¶ 5} Edwards asserted that the photocopied test-solution certificate was not authenticated, and she objected to the magistrate's consideration of it. In response, the prosecutor volunteered to retrieve the original certificate from the local patrol post.

{¶ 6} The prosecutor returned with a document he described as the original test-solution certificate, but it too was a photocopy, revealing the images of a handwritten May 28, 2002 date and the apparent signature of the Director of Health. It did not bear the original seal of the Department of Health or a statement certifying the director's signature as genuine, cf. Evid.R. 902(1) [3] and (2),[4] or a certification from an authorized person that the copy was correct, cf.

---

1. {¶ a} The certificate, sometimes called a "batch and bottle" certificate, states as follows: "BATCH OR LOT No. 02010. This instrument check solution is to be used in a simulator for the instrument check of approved breath testing instruments as defined in OAC 3701–53–02. This instrument check solution contains 1.213 mg/ml ethyl alcohol in distilled water. When used according to instrument check forms, it will produce a reading of 0.100 g/210L ±.005 in the approved breath testing instrument, when that instrument is in proper working condition. This solution shall not be used more than three months after its date of first use or more than one year after its date of manufacture, February 7, 2002."

   {¶ b} The magistrate, the court of appeals, and both parties have all referred to the certificate as an affidavit. The certificate, however, is not a sworn document, nor is it notarized, and we therefore have not referred to it as an affidavit.

2. Although standard solutions of alcohol used to test the accuracy of breath-testing devices are commonly called calibration solutions, the operator does not recalibrate the device if a test shows it to be inaccurate. Instead, the device is simply not used until it is serviced. Ohio Adm.Code 3701–53–04(A)(2). The Administrative Code refers to the test solution as an "instrument check solution."

3. Evid.R. 902(1) provides that a public document bearing the seal of an agency of a state is self-authenticating.

4. Evid.R. 902(2) provides that a public document bearing an official signature but not an official seal is self-authenticating if an appropriate public officer "certifies under seal that the signer has the official capacity and that the signature is genuine."

Evid.R. 902(4).[5] Edwards renewed her objection, arguing that the state needed "something from the Ohio Department of Health which says this is a true and accurate copy of the original which is on file which would then make that a self-authenticating document."

{¶ 7} The magistrate concluded that he could consider the photocopied test-solution certificate. Citing Evid.R. 901,[6] 902(1), and 1003,[7] he emphasized that the state had presented testimony that the exhibits were photocopies of documents kept at the local post and found that no genuine issue had been raised regarding the authenticity of the copy. The magistrate denied Edwards's motion to suppress evidence of the results of the breath test.

{¶ 8} On review of objections to the magistrate's decision, the municipal court initially ruled that the test-solution certificate was admissible under the Rules of Evidence. On reconsideration, the court reversed its prior ruling to the extent that it had earlier implied that the test-solution certificate would be admissible at trial. The court characterized that issue as premature. The court did not, however, reverse the magistrate's decision denying suppression of the breath-test results. Nor did the court criticize the magistrate's consideration of the test-solution certificate at the suppression hearing.

{¶ 9} Edwards pleaded no contest and was convicted. On appeal, she contended that "[t]he breath test should have been suppressed at the suppression hearing due to the calibration solution affidavit not being properly certified." In a split decision, the court of appeals affirmed Edwards's conviction.

{¶ 10} DUI offenses are prosecuted within a statutory and regulatory framework. R.C. 4511.19(D)(1) provides that in any criminal DUI prosecution or juvenile court DUI proceeding a court "may admit evidence on the concentration of alcohol * * * in the defendant's * * * breath * * * at the time of the alleged violation as shown by chemical analysis of the substance." The statute, however, further provides: "The bodily substance withdrawn shall be analyzed in accordance with methods approved by the director of health * * *." Both the First and Ninth District Courts of Appeals have characterized R.C. 4511.19 as a legislatively created exclusionary rule analogous to the exclusionary rule estab-

---

5. Evid.R. 902(4) provides that a copy of an official record is self-authenticating if it bears a certification by an authorized custodian of the record that the copy is a correct copy.

6. Evid.R. 901(A) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

7. Evid.R. 1003 provides: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

lished in *Weeks v. United States* (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. *State v. Halko* (July 16, 1986), Hamilton App. No. C–850656, 1986 WL 7855; *State v. Earle* (Aug. 2, 1989), Summit App. No. 13957, 1989 WL 86321. That rule bars the introduction of evidence that has been seized unconstitutionally.

{¶ 11} Crim.R. 12(C)(3) and Traf.R. 11(B)(2) provide that "[m]otions to suppress evidence * * * on the ground that it was illegally obtained" must be raised before trial. We have expressly held that Crim.R. 12(C)(3) (then (B)(3)) requires a pretrial suppression hearing in a DUI prosecution to determine the admissibility of alcohol-content test results claimed to have been illegally obtained based on noncompliance with the director's rules governing the maintenance and operation of testing devices. *State v. French* (1995), 72 Ohio St.3d 446, 449, 650 N.E.2d 887. If a defendant does not move for suppression prior to trial, he or she "may not object to the admissibility of the test results at trial *on those grounds.*" (Emphasis added.) Id.; Crim.R. 12(H); Traf.R. 11(E). Our decision was consistent with prior rulings that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3)" and that "[a] plea of no contest does not waive a defendant's appeal from an adverse ruling on the motion." *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, at syllabus.

{¶ 12} In summary, a challenge asserting that test results were not obtained in compliance with the director's rules must be raised by a defendant prior to trial by way of a pretrial motion to suppress. *French,* 72 Ohio St.3d at 451, 650 N.E.2d 887. Failure to file such a motion constitutes a waiver, so that a defendant may not force the state to lay a foundation for the admissibility of the test results at trial: issues concerning compliance with the director's rules may not be raised for the first time at trial to challenge admissibility. Id. Moreover, finality attaches to a ruling on a motion to suppress. Id. at 449, 650 N.E.2d 887. Accordingly, the ruling of substantial compliance by the court at a pretrial suppression hearing prevails at trial, and a defendant may not raise, at trial, a challenge to the admissibility of test results based on the assertion that the state failed to comply with the director's rules in obtaining them.

{¶ 13} We today expressly reaffirm that an assertion that test results are inadmissible in a criminal trial because the state failed to substantially comply with methods approved by the Director of Health for determining the concentration of alcohol in bodily fluids must be raised through a pretrial motion to suppress.

{¶ 14} In this court, Edwards has addressed at length the issue whether the photocopied test-solution certificate considered by the magistrate was authenticated in compliance with Evid.R. 901 and 902. We need not resolve this issue,

however, because judicial officials at suppression hearings " 'may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.' " *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 298, 720 N.E.2d 507, quoting *United States v. Raddatz* (1980), 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424. See, also, *United States v. Matlock* (1974), 415 U.S. 164, 173–174; 94 S.Ct. 988, 994, 39 L.Ed.2d 242. This precedent accords with Evid.R. 101(C)(1) and 104.[8]

{¶ 15} Therefore, the magistrate was not precluded from considering the test-solution certificate in photocopy form at the suppression hearing to determine whether the state's chemical results complied with the director's regulations even if the Rules of Evidence governing authentication and hearsay would preclude admission of the certificate at trial.

{¶ 16} The municipal court had viewed the magistrate's recommendation for denying the suppression as a ruling on a motion in limine. Motions in limine may be made prior to the trial of a DUI charge when a defendant asserts a challenge under the Rules of Evidence to evidence that he or she expects the state to introduce at trial. In most cases, either a defendant or a prosecutor may, prior to trial, seek a ruling in limine on evidentiary issues. A court may consider those issues as well as challenges to the state's compliance with the director's rules at a single pretrial hearing. Our decisions in *Kretz* and *French* do not, however, require that all issues concerning the admissibility of alcohol-content evidence be determined only at a pretrial suppression hearing or that a defendant be precluded from raising for the first time at trial purely *evidentiary* issues concerning the documentation of test results. The issue in *French* was "whether a challenge to the results of a breath alcohol test *on the basis of failure to comply with regulations of the Ohio Department of Health*" may be raised by a criminal defendant at trial in the absence of a pretrial motion to suppress the test result upon that ground. (Emphasis added.) *French*, 72 Ohio St.3d at 448–449, 650 N.E.2d 887. This inquiry differs from a pretrial motion in limine to determine admissibility of evidence under the Rules of Evidence. *French*.

{¶ 17} A ruling on a motion in limine raising a challenge based on the Rules of Evidence differs from a ruling on a motion to suppress based on alleged failure to comply with the director's rules. Where a court, in its discretion, chooses to rule

---

8.   {¶ a} Evid.R. 101(C)(1) provides:
   {¶ b} "These rules (other than with respect to privileges) do not apply in the following situations:
   {¶ c} "(1) *Admissibility determinations.* Determinations prerequisite to rulings on the admissibility of evidence when the issue is to be determined by the court under Evid. R. 104."
   {¶ d} Evid.R. 104(A) provides: "Preliminary questions concerning * * * the admissibility of evidence shall be determined by the court * * *. In making its determination it is not bound by the rules of evidence except those with respect to privileges."

on a motion in limine, that ruling is "tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." *Kretz*, 60 Ohio St.3d at 4, 573 N.E.2d 32.

{¶ 18} In this case, Edwards argued in a written memorandum filed after the suppression hearing but prior to the magistrate's decision that "admission of the improperly authenticated solution affidavit is allowing in hearsay which violates the Fourteenth Amendment due process clause" because the state had not produced certificates at the suppression hearing that were properly authenticated under Evid.R. 902(4). But in support of that position, Edwards focused on the technical requirements of the Rules of Evidence—not due process considerations. The Rules of Evidence, however, are not coextensive with constitutional requirements. Nor did Edwards argue that the test-solution certificate constitutes a testimonial statement as described in *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, triggering the Confrontation Clause of the Sixth Amendment to the United States Constitution. The photocopied certificate proffered by the state at the suppression hearing supported the inference that Batch No. 02010, used to test the BAC DataMaster, was a solution approved by the director. Nothing in the record supports the conclusion that the photocopy had been altered from the original test-solution certificate or was otherwise unreliable. Edwards has not demonstrated that the magistrate abused his discretion or that she was denied due process as a result of his consideration of the photocopied test-solution certificate at the suppression hearing.

{¶ 19} Had the state introduced the certificate over Edwards's evidentiary objections at trial, its introduction would have been governed by the Rules of Evidence. We observed in *French* that a defendant retained the right to make an evidentiary challenge at trial as opposed to a substantive challenge to the state's compliance with the director's rules: "Evidentiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of the chemical test results may still be raised" at trial. Id., 72 Ohio St.3d at 452, 650 N.E.2d 887. Thus, a defendant at trial may challenge breath-test results on grounds other than that the results were illegally obtained because they were obtained in noncompliance with the director's rules. For example a defendant may argue at trial that the particular device failed to operate properly at the time of testing. Cf. *Columbus v. Caynor* (1996), 111 Ohio App.3d 394, 676 N.E.2d 540.

{¶ 20} At the trial regarding an alleged violation of R.C. 4511.19 based on a prohibited breath-alcohol level, the state must introduce evidence of the "concentration of alcohol * * * in the defendant's * * * breath * * * at the time of the

176

alleged violation as shown by chemical analysis of the substance." However, the controlling statutes, the Criminal Rules, and our precedent clearly establish that the issue whether "[t]he bodily substance withdrawn [was] analyzed in accordance with methods approved by the director of health," R.C. 4511.19(D)(1), is not a jury question and is to be decided by the court prior to trial. The test-solution certificate is relevant only to that issue, and therefore relevant only at the motion-to-suppress stage.

{¶ 21} We reaffirm that a failure to comply with the director's approved methods must be raised in a pretrial motion to suppress and that judicial officials at suppression hearings may rely on hearsay and other evidence to determine whether alcohol test results were obtained in compliance with methods approved by the Director of Health. The judgment of the court of appeals affirming the conviction is therefore affirmed.

Judgment affirmed.

RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment only.

———————

James A. Range, New Philadelphia City Prosecutor, and Hank F. Meyer, Assistant City Prosecutor, for appellee.

Gerald A. Latanich, for appellant.