**VILLAGE OF GRANVILLE**

v.

**GRAZIANO.**

2006-Ohio-3551.]

Licking County Municipal Court.

No. 05 TRC 12702.

Decided May 15, 2006.

D. Michael Crites, for plaintiff.

Eric Yavitch, for defendant.

---

W. David Branstool, Judge.

{¶ 1} Defendant Matthew Graziano is charged with operating a vehicle while under the influence of alcohol, in violation of Granville Ordinance 333.01(A)(1); operating a vehicle with a prohibited concentration of alcohol in his breath, in violation of Granville Ordinance 333.01(A)(4); and speeding, in violation of Granville Ordinance 333.03. The matter is now before the court on defendant's motion to suppress evidence. For the reasons set forth below, the defendant's motion to suppress is granted.

## I. Facts

{¶ 2} On the early morning hours of October 22, 2005, the defendant was stopped by an officer of the Granville Police Department.[1] Subsequently, the officer arrested the defendant and transported him to the Granville Police

---

1. The defendant's motion to suppress did not challenge the basis for the traffic stop or whether the officer had probable cause to arrest the defendant without a warrant.

Department where he submitted to a chemical breath test. The result of the breath test was .084 grams of alcohol per 210 liters of breath, above the prohibited level.

{¶ 3} On January 4, 2006, the defendant filed a motion to suppress the result of the chemical test of his breath. The court conducted a hearing on this motion on February 28, 2006. During the suppression hearing the prosecution presented the testimony of Officer Wilson, the arresting officer, and a packet of documents labeled Plaintiff's Exhibit 1. Plaintiff's Exhibit 1 consisted of uncertified and unauthenticated copies of records relating to the BAC Datamaster used to test the defendant's breath, including the result of the defendant's test, certificates relating to the instrument check solution, certificates relating to the qualifications of various police officers to operate and perform instrument checks on the BAC Datamaster, and the results of the pretest and posttest instrument checks.[2]

{¶ 4} The court admitted State's Exhibit 1, over the defendant's objections, under the authority of *State v. Edwards* (2005), 107 Ohio St.3d 169, 837 N.E.2d 752. In *Edwards,* the Ohio Supreme Court held that the Rules of Evidence do not apply at suppression hearings and specifically held that judicial officers may rely on hearsay and other evidence during suppression hearings, even though that evidence may not be admissible at trial.

{¶ 5} However, the defendant also argued that the breath test must be suppressed because the documentary evidence that the prosecution produced at the suppression hearing, and relied upon to establish the admissibility of the test result, violated the defendant's right to confrontation under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The defendant's argument is based primarily on the United States Supreme Court's decision in *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, which held that out-of-court statements which are "testimonial" in nature are inadmissible at trial, unless the declarant was unavailable and the defendant had a prior opportunity to cross-examine him.[3]

## II. Analysis

{¶ 6} The defendant contends that the admission of the documents at the suppression hearing, i.e., Plaintiff's Exhibit 1, without testimony from the wit-

---

**2.** It should be noted that none of the records contained in Plaintiff's Exhibit 1 would have been admissible at trial because none of the records were authenticated by any witness, nor did the prosecution attempt to lay any foundation for their admissibility under an exception to the hearsay rule.

**3.** In *Edwards,* the Ohio Supreme Court specifically noted that the issue of whether the introduction of the documents would violate *Crawford* was not raised by the defendant, and therefore, was not before the court.

nesses who created those documents, deprived him of his right to confrontation under the Sixth Amendment and Section 10, Article I of the Ohio Constitution. In order to resolve this issue, two primary issues must be considered. The first is whether the right to confrontation under the Sixth Amendment and Section 10, Article I applies to suppression hearings. If so, then the second question becomes whether these documents qualify as testimonial statements under *Crawford.*

{¶ 7} Generally, the right to confrontation exists at trial, not during pretrial suppression hearings.[4] However, this issue has become particularly blurred in OVI cases in light of the Ohio Supreme Court's decisions in *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32; *State v. French* (1995), 72 Ohio St.3d 446, 650 N.E.2d 887; and *Edwards,* supra. In *Kretz* and *French,* the Ohio Supreme Court held that defendants must raise issues of the admissibility of test results by means of a pretrial motion to suppress. Failure to do so constitutes a waiver and relieves the state of any burden to establish a foundation for the admissibility of the test results.

{¶ 8} In *Edwards,* the court reiterated its prior holdings in *Kretz* and *French* that challenges to an alcohol test must be raised by means of a pretrial motion to suppress and further held that the Rules of Evidence do not apply at suppression hearings. Thus, in deciding the hearsay issue, the court approved the use of unauthenticated hearsay documents to establish that the alcohol test result was obtained in substantial compliance with Department of Health regulations. Significantly, however, the court went on to conclude that once the state demonstrates compliance, the issue is settled and the underlying documents are not relevant at trial. The court noted that "[t]he test-solution certificate is relevant only * * * at the motion-to-suppress stage." *Edwards,* 107 Ohio St.3d at 176, 837 N.E.2d 752. Thus, according to *Edwards,* the state may introduce these documents at a suppression hearing without adhering to the Rules of Evidence, and once it has done so the issue of admissibility at trial is then settled. Under this scenario a person accused of an OVI offense could challenge the admissibility of an alcohol test but theoretically would never be given an opportunity to confront the witness or witnesses who performed the test or performed the instrument checks on the machine at either the suppression hearing or the trial.

{¶ 9} However, the application of the Confrontation Clauses has not been limited to that portion of a criminal proceeding that determines guilt or inno-

---

4. *Gerstein v. Pugh* (1975), 420 U.S. 103, 119–120, 95 S.Ct. 854, 43 L.Ed.2d 54 ("[T]he full panoply of adversary safeguards—counsel, confrontation, cross-examination, and compulsory process" are not essential when the "issue is whether there is probable cause for detaining the arrested person pending further proceedings").

cence. The Confrontation Clauses apply to other portions of a criminal proceeding that can be classified as the trial. *United States v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. In those settings, an accused is afforded the full panoply of protections, including the right to confront and cross-examine witnesses under *Crawford.*[5] In *Lindh v. Murphy* (C.A.7, 1997), 124 F.3d 899, for example, the Seventh Circuit Court of Appeals held that the Confrontation Clause was violated when a defendant was not permitted to impeach a psychiatrist through cross-examination during the mental-condition phase of a defendant's state murder trial.

{¶ 10} Likewise, the suppression hearing, in an OVI case, particularly an OVI test case, is a critical phase of the criminal proceeding. In his treatise "Ohio Driving Under the Influence Law," Judge Painter correctly noted that "[a]s a practical matter, this stage of the proceeding often disposes of the entire case or, at the very least, has a significant impact on its outcome." [6] See, also, *Hudson v. South* (1994), 99 Ohio App.3d 208, 650 N.E.2d 172. Therefore, in the context of an OVI case, the court finds that the Confrontation Clauses, under both the Sixth Amendment and Section 10, Article I, apply at suppression hearings. To conclude otherwise would mean that under *Edwards,* the government could dispel any suppression motion by merely filing documents or reports supporting its position. There would be no need to call any witnesses or even have a hearing. Clearly, such a result was not intended by *Edwards.*

{¶ 11} Because the court finds that the Confrontation Clauses apply at OVI suppression hearings, the question becomes whether the documents introduced by the prosecution to establish that the test result was obtained in substantial compliance with Department of Health regulations constitute "testimonial" statements under *Crawford.*

{¶ 12} In *Crawford,* the United States Supreme Court specifically declined to spell out a comprehensive definition of the term. It did, however, minimally define the term to include prior testimony at a preliminary hearing, testimony before a grand jury or at a former trial, and statements made during police interrogations. Additionally, the Supreme Court provided that at a minimum, "testimonial" covers the following:

---

5. "A primary interest secured by [the Confrontation Clause of the Sixth Amendment] is the right of cross-examination." *Douglas v. Alabama* (1965), 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934. Cross-examination is the "principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347.

6. Painter, Ohio Driving Under the Influence Law (2006) 146.

*[E]x parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, * * * extrajudicial statements * * * contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions * * * statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Crawford,* 541 U.S. at 51–52, 124 S.Ct. 1354, 158 L.Ed.2d 177.

■ {¶ 13} In order to establish the admissibility of alcohol test results, the government must meet the threshold criteria established by the General Assembly set forth in R.C. 4511.19(D). That section provides that a defendant's blood, breath, or urine sample "shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to Section 3701.143 of the Revised Code." In accordance with this mandate, the Director of Health has promulgated the alcohol testing regulations set forth in Ohio Adm.Code Chapter 3701–53. Under Ohio's framework for the admissibility of alcohol tests, the state must prove substantial compliance with the Department of Health regulations. *State v. Burnside* (2003), 100 Ohio St.3d 152, 797 N.E.2d 71.

{¶ 14} At a minimum, the statutes and regulations governing breath tests require the state to prove that (1) the test was administered within two hours of operation, (2) the defendant had been observed for a 20–minute period immediately prior to taking the test, (3) the test was conducted with an approved breath-testing instrument, (4) the test was performed by an operator or senior operator with a valid permit, (5) an instrument check and a radio frequency interference check was performed by a senior operator no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used, (6) the RFI detection test was done using a hand-held radio normally used by the law enforcement agency, (7) the instrument check solution has been approved by the Director of Health, (8) the instrument check results were within plus or minus .005 grams per 210 liters of the target value for the instrument check solution, and (9) the instrument check solution was not more than three months old after the date of it first use, or was not used after the manufacturer's expiration date.[7]

{¶ 15} The court is aware that at least one court has considered this issue. In *State v. Cook,* 6th Dist. No. WD–04–029, 2005-Ohio-1550, 2005 WL 736671, the Sixth District Court of Appeals concluded that the same documents did not

---

7. See Ohio Adm.Code 3701–53–01 et seq.

constitute "testimonial" statements. The court reached this conclusion for two reasons. First, the court found the documents were not similar to the type of evidence the Supreme Court defined as testimonial, and second, the court found that the documents were business records similar to the dicta mentioned in *Crawford.*

■ {¶ 16} While the reasoning in *Cook* may apply to some of the documents contained in Plaintiff's Exhibit 1, the court cannot find that all of the documents contained in Plaintiff's Exhibit 1 are nontestimonial. In particular, this court finds that the pretest and posttest instrument check documents qualify as testimonial statements under *Crawford.* These documents contain statements that (1) are offered to prove the truth of the matter asserted, i.e., that the breath-testing instrument was working properly and that the results were reliable and (2) were made under circumstances which would lead the declarant to believe that the statements would be available for use at a later trial. Indeed, the very purpose of creating these documents is so that they may be used in court to demonstrate compliance with the pertinent regulations and to establish the reliability of the test. Moreover, in the court's view, these documents more closely pertain to the issue of guilt or innocence than the other documents contained in Plaintiff's Exhibit 1. As a result, the admission of those statements to establish the admissibility of the defendant's test result violates the defendant's right to confrontation under *Crawford.*

■ {¶ 17} Moreover, even if the court found these documents to be nontestimonial under *Crawford,* the court would still grant the defendant's motion to suppress, because the documents contained in Plaintiff's Exhibit 1 fail to establish that the state substantially complied with the pertinent regulations. For example, the documents fail to indicate what type of radio frequency was used to perform the RFI check on the pretest and posttest instrument checks. Without the testimony of the senior operator(s) who performed the instrument checks, the state failed to establish that the RFI check was performed using a hand-held radio normally used by the law enforcement agency, as required by Ohio Adm.Code 3701–53–04(A)(1), because the documents presented contain no such information, and the arresting officer who testified had no personal knowledge about the issue. Thus, the state failed to meet its burden of demonstrating substantial compliance.

III. Conclusion

{¶ 18} For all of the foregoing reasons, the defendant's motion to suppress the results of his breath test is granted.

So ordered.