Harsha, J.
{¶ 1} The state appeals the trial court's order that suppressed the test results from a urine specimen on the ground that the state failed at the suppression hearing to properly authenticate the urine sample. The arresting male trooper testified that a female dispatcher, who witnessed the accused, Kennedi Woltz, provide the urine sample, gave the sample to him immediately upon leaving the restroom. Woltz argued that the state is required to establish an unbroken chain of custody and that the female dispatcher's testimony was necessary to authenticate the sample.
{¶ 2} The law requires the state to show substantial compliance with the regulations governing the collection and handling of urine specimens, not strict compliance. The arresting trooper's testimony was sufficient to establish at least substantial compliance with the regulation requiring the witnessing of the urine collection. Moreover, objections challenging authenticity/chain of custody based on the Rules of Evidence are not within the scope of the suppression hearing, but are properly raised in a motion in limine and determined with finality at trial. Therefore, we sustain the state's sole assignment of error, reverse the trial court's decision, and remand for further proceedings.
I. FACTS
{¶ 3} Sergeant Nathan Dennis of the Ohio State Highway Patrol stopped Woltz for speeding. After noticing indicators of impairment and performing field sobriety tests, Dennis arrested Woltz for operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a). Woltz voluntarily provided a urine sample at the patrol post. The urine toxicology report contained negative results for alcohol but positive results for marijuana, cocaine, and methylenedioxymethamphetamine (MDMA, also known as "ecstasy"). The state amended its charges to include violations of relevant subsections of R.C. 4511.19(A)(1)(j).
{¶ 4} Woltz filed a motion to suppress the urine test results on the grounds that *509 the state failed to substantially comply with eight different provisions of the applicable regulations. Among her challenges, Woltz alleged that the "collection of the urine specimen was not witnessed to assure that the sample can be authenticated, as required by [Ohio Adm.Code] 3701-53-05(D). No discovery has been provided to the defense as to whether the urine was witnessed."
{¶ 5} At the suppression hearing the state presented testimony of Sergeant Dennis, who testified that he and Warren, a female dispatcher working at the patrol post, collected the urine sample from Woltz. Dennis testified that he took a vial collection kit, inspected it, broke the seal, and handed the vial to Warren. Dennis testified that Warren and Woltz immediately entered the restroom and closed the door. Dennis testified that he waited directly outside the door to ensure no one else entered during the collection. After a few minutes Warren and Woltz exited the restroom and Warren handed the urine sample to Dennis in the same vial he gave to her. Dennis testified that after Warren gave him the sample, he placed a sodium chloride capsule in it, placed the cap on it, sealed it with evidence tape across the top, placed it in a box, and mailed it to the lab. Dennis testified that he filled out a property control form on which he wrote that he and Warren collected the urine sample. Dennis testified that Warren accompanied Woltz into the restroom because Woltz is female and it is against the Ohio State Highway Patrol's policy to allow a male to witness a urine collection of a female.
{¶ 6} Because Warren did not testify, Woltz argued that the state did not prove substantial compliance with the regulation requiring that the collection of a urine specimen must be witnessed. The state responded that the rules of evidence do not apply to a suppression hearing and Dennis's testimony established that the collection was witnessed. The trial court concluded that Warren's testimony was necessary to establish the chain of custody to authenticate the sample, and granted Woltz's motion to suppress the urine test results. The trial court found:
The defense motion to suppress specifically challenged, among other items, compliance with OAC 3701-53-05(D), which requires that the collection of the urine specimen be witnessed to assure authentication. The State did not call the person who is believed to have witnessed the collection of the sample to provide testimony on the challenged element of OAC compliance. * * * The State did not present any evidence to rebut the challenge from the defendant that the urine specimen was not witnessed to assure authentication. The State has failed to meet its burden of proof and the defendant's motion to suppress is Granted with regards to the urine results.
{¶ 7} The state appealed as a matter of right. See R.C. 2945.67(A) ; Crim.R. 12(K).
II. ASSIGNMENT OF ERROR
{¶ 8} The state assigns the following error for our review:
THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION TO SUPPRESS FINDING THAT THE STATE FAILED TO PROVIDE EVIDENCE THAT THE URINE SAMPLE WAS WITNESSED IN SUBSTANTIAL COMPLIANCE WITH OHIO ADM.CODE 3701-53-05(D).
III. LAW AND ANALYSIS
{¶ 9} Appellate review of a trial court's decision on a motion to suppress raises a mixed question of law and fact.
*510 State v. Crocker , 2015-Ohio-2528, 38 N.E.3d 369, ¶ 60 (4th Dist.) citing State v. Hobbs , 133 Ohio St.3d 43, 2012-Ohio-3886, 975 N.E.2d 965, ¶ 6. Because the trial court acts as the trier of fact in suppression hearings and is in the best position to resolve factual issues and evaluate the credibility of witnesses, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Burnside , 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Accepting these facts as true, we must then "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." Hobbs at ¶ 8, citing Burnside at ¶ 8. At a suppression hearing a trial court is not bound by the rules of evidence and can consider evidence not otherwise admissible at trial. State v. Boczar , 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155, ¶ 17 ("the Rules of Evidence do not apply to suppression hearings"). Evidence at an OVI suppression hearing does not have to be authenticated in compliance with Evid.R. 901 and 902 because "judicial officials at suppression hearings 'may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.' " State v. Edwards , 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752, ¶ 14.
{¶ 10} "A 'motion to suppress' is defined as a '[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.), of U.S. Constitution.' " State v. French , 72 Ohio St.3d 446, 449, 650 N.E.2d 887 (1995). "An important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state." Id. A motion to suppress is the proper pretrial procedure for challenging the state's substantial compliance with regulations concerning the collection and handling of blood and urine specimens because noncompliance with these regulations means that the corresponding breathalyzer, blood or urine test results were "illegally obtained." Edwards at ¶ 11 ; French at 450, 650 N.E.2d 887 (specifically discussing breathalyzer results). Challenges to the state's compliance with statutory and health department regulations must be made in a pretrial motion to suppress or such challenges are considered waived. Edwards at ¶ 11 ; French at 451, 650 N.E.2d 887.
{¶ 11} Although a motion to suppress is used to raise regulatory compliance challenges, a motion in limine is the proper pretrial procedure for determining whether the test results are admissible under the Rules of Evidence. French at 449, 650 N.E.2d 887 ("a ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling."); State v. Edwards, 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752 at ¶ 17 ("A ruling on a motion in limine raising a challenge based on the Rules of Evidence differs from a ruling on a motion to suppress based on alleged failure to comply with the [Health Dept.] director's rules.").
{¶ 12} When a defendant challenges the blood or urine test results in a motion to suppress, the state must show substantial compliance with the relevant provisions of R.C. 4511.19 and Ohio Adm.Code 3701-53. State v. Mayl , 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 42. Woltz challenged the state's compliance with the witnessing requirement in *511 Ohio Adm.Code 3701-53-05(D), which provides, "(D) The collection of a urine specimen must be witnessed to assure that the sample can be authenticated. * * *." "Once the state has shown substantial compliance, the burden shifts to the defendant to demonstrate that he would be prejudiced by anything less than technical compliance." State v. Brown , 109 Ohio App.3d 629, 632, 672 N.E.2d 1050 (4th Dist. 1996).
{¶ 13} The state argues that Sergeant Dennis's testimony showed at least substantial compliance with the witnessing requirement under Ohio Adm.Code 3701-53-05(D) because he testified that he and dispatcher Warren witnessed the collection of the urine sample. The state contends that Warren's testimony is unnecessary at the suppression hearing because the Rules of Evidence do not apply. The state contends that Woltz's objection raises an evidentiary chain of custody challenge, not a regulatory compliance issue.
{¶ 14} Woltz agrees with the state's characterization of the legal issue: "[T]he State fairly summarized the issued before this Court as being, in essence, a chain of custody issue." Woltz argues that because the state failed to establish "the first link in its chain of custody," the trial court properly excluded the test results. However, Woltz's argument confuses objections based on regulatory compliance under Ohio Adm.Code 3701-53-05 with objections based on admissibility under the Rules of Evidence, specifically Evid.R. 901 (authenticity/chain of custody). Sergeant Dennis testified that he and Warren witnessed the collection and described the roles each had in the process. His testimony was sufficient to show that the collection was witnessed in substantial compliance with the regulation. Woltz did not present any evidence at the hearing that controverted the state's evidence.
{¶ 15} Granted Warren did not testify at the suppression hearing. But Woltz's objection to Warren's absence is an evidentiary objection challenging the chain of custody-an issue not properly raised in a motion to suppress, rather properly raised in a motion in limine. State v. Richards , 4th Dist. Athens No. 14CA1, 2015-Ohio-669, 2015 WL 782565, ¶ 54 (" 'Evidentiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of [an alcohol] test,' therefore, are not properly raised in a motion to suppress evidence."); State v. Posey , 4th Dist. Pickaway No. 07CA24, 2008-Ohio-6510, 2008 WL 5191849, ¶ 27 ("evidentiary objections that challenge the authenticity of BAC [blood alcohol concentration] results may still be raised at trial") citing Edwards at ¶ 19.
{¶ 16} "Chain of custody is an aspect of the authentication and identification mandate set forth in Evid.R. 901" and any "breaks in the chain of custody go not to the admissibility of the evidence, but to the weight afforded it." State v. Corder , 2012-Ohio-1995, 969 N.E.2d 787, ¶ 15 (4th Dist.). Woltz retained the right to make a chain of custody challenge at trial. " 'Evidentiary objections challenging the competency, admissibility, relevancy, authenticity and credibility of the chemical test results may still be raised' at trial." Edwards at ¶ 19. If the state fails to present Warren's testimony at trial, Woltz may make an evidentiary objection then.[1] Id. (defendant retained the right to make an evidentiary challenge at trial as opposed to a substantive challenge to the state's compliance with the director's rules).
{¶ 17} Like the defendant the trial court also blurred the distinction between regulatory *512 compliance and evidentiary requirements. Because Sergeant Dennis testified that Warren assisted him and witnessed the collection while he stood outside the door, the trial court determined that that Warren's testimony was needed to properly authenticate the urine sample. Ohio Adm.Code 3701-53-05 requires that the collection "be witnessed to assure that the sample can be authenticated." (Emphasis added.) Authentication is an evidentiary requirement under Evid.R. 901 properly determined at trial. The trial court erred in excluding the test results on the ground that Warren's testimony was needed to authenticate the urine specimen at the pretrial level. Edwards at ¶ 17.
{¶ 18} Instead, as the Supreme Court of Ohio discussed in Edwards supra , the trial court should have treated the chain of custody challenge as a motion in limine and made a tentative precautionary ruling about the need to have Warren's testimony at trial for authentication/chain of custody purposes. "A ruling on a motion in limine raising a challenge based on the Rules of Evidence differs from a ruling on a motion to suppress based on alleged failure to comply with the director's rules. Where a court, in its discretion, chooses to rule on a motion in limine, that ruling is 'tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.' " Id. quoting Defiance v. Kretz , 60 Ohio St.3d 1, 4, 573 N.E.2d 32 (1991). The Court in Edwards did not require the state to authenticate its evidence in compliance with Evid.R. 901 and 902 at the suppression hearing. Edwards at ¶ 14 and 15.
{¶ 19} The parties analyze two appellate cases extensively to support their arguments: (1) State v. Vermillion , 7th Dist. Belmont No. 98-VA-16, 1999 WL 436737 (June 24, 1999) and (2) State v. Gordon, 8th Dist. Cuyahoga No. 800079, 2002-Ohio-2140, 2002 WL 962755. The facts of Vermillion are almost identical to the facts here. The male officer who stood outside the door during the collection testified at the suppression hearing, but the female officer who went into the restroom and witnessed the urine collection of the female defendant did not. The only difference is that in Vermillion , the female defendant testified that she gave the urine sample to the female officer. Nevertheless, both cases have a missing link in the chain of custody-the female witnessing officer. The court held that the female officer's testimony was not needed to authenticate the urine sample-direct testimony and inference established the chain of custody such that it is reasonably certain that no alternation, substitution, or tampering of the sample occurred. Vermillion at *2.
{¶ 20} Vermillion addresses the evidentiary question concerning admissibility under Evid.R. 901 (authentication/chain of custody), but it would be premature for our court to render an opinion on the merits of that decision. Challenges to the chain of custody are evidentiary and properly determined by the trial court with finality at trial-not at the suppression hearing. At this stage of the proceeding we will not engage in speculation: The state may present Warren's testimony at trial and render the question moot.
{¶ 21} In Gordon , the witnessing officer stood on the other side of a hospital curtain while the defendant provided a urine sample. No one was on the same side of the curtain with the defendant. The court held that "substantial compliance with the regulation does not require the officer to watch the suspect while he urinates, as long as the sample is otherwise collected *513 under circumstances that do not raise suspicions about the sample's authenticity." Gordon at ¶ 18-19. Gordon is legally distinguishable because the issue in Gordon was whether the collection was properly "witnessed," a regulatory requirement. Here the trial court held that the specimen was not properly "authenticated" by the witness Warren, which is an evidentiary issue. Gordon is factually distinguishable from our case because Sergeant Dennis testified that Warren was inside with Woltz to witness the collection. Woltz was not on the other side of the bathroom door alone, while Dennis stood outside.
{¶ 22} The state argues hypothetically that based on the holding in Gordon , Sergeant Dennis's presence outside the door while Woltz went alone into the restroom would be sufficient for him to be the witnessing officer and to authenticate the urine sample. This requires us to speculate about facts not presently before us on the issue of witnessing, and determine authentication questions not ripe for review.
IV. CONCLUSION
{¶ 23} A motion to suppress is the proper procedural device to challenge the state's substantial compliance with regulations governing the collection and handling of urine samples, but not to challenge admissibility based on evidentiary grounds such as authentication and chain of custody under Evid.R. 901. The state substantially complied with the requirement under Ohio Adm.Code 3701-53-05 that the collection of a urine sample be witnessed. The trial court erred in granting Woltz's motion to suppress the test results on the ground the state failed to properly authenticate the urine sample. We sustain the state's sole assignment of error and reverse the judgment of the trial court.
JUDGMENT REVERSED AND CAUSE REMANDED.

We take no position on the merits of an evidentiary objection on that ground.