OPINION
{¶ 1} Defendant-appellant, James E. Constable, appeals a decision of the Clermont County Court of Common Pleas convicting him of criminal trespass. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On July 12, 2006, appellant was arrested after refusing to leave the Southern Ohio Developmental Center ("SODC"), a state-operated facility providing services to mentally handicapped adults. Appellant's severely handicapped adult son was a resident at the *Page 2 
SODC, and appellant had engaged in numerous encounters with the facility after becoming dissatisfied with his son's care. A complaint was filed against appellant charging criminal trespass in violation of R.C.2911.21.[1] Following a jury trial, appellant was found guilty and sentenced to 30 days in jail. Twenty days of the jail sentence were suspended, and appellant was placed on probation for three years on the condition that he have no contact with the SODC. Appellant timely appeals, raising four assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE CONVICTION OF APPELLANT UPON A CHARGE OF CRIMINAL TRESPASS IN VIOLATION OF OHIO REVISED CODE 2911.21 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED WHEN IT PREVENTED THE DEFENANT [SIC] FROM ENTERING A PUBLIC PLACE FOR PUBLIC MEETINGS."
 {¶ 5} Appellant's first stated assignment of error challenges his conviction on the basis of manifest weight. The body of his brief, however, entirely fails to address the issue by providing arguments in support of the contention. Instead, appellant presents unrelated arguments concerning the First Amendment to the United States Constitution and jury instructions.
 {¶ 6} The burden of affirmatively demonstrating error on appeal and substantiating one's arguments in support thereof falls upon the appellant. State v. Hairston, Lorain App. No. 05CA008768,2006-Ohio-4925, ¶ 11. See, also, App.R. 16(A)(7). Furthermore, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it *Page 3 
out." Cardone v. Cardone (May 6, 1998), Summit App. No. 18349,1998 WL 224934, at *8.
 {¶ 7} App.R. 12(A)(2) provides: "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) states that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 8} Appellant failed to identify the portions of the record upon which his first assignment of error is based and failed to support his first assignment of error with pertinent argument or citations. We thus conclude that appellant has not met his burden to demonstrate error by the trial court with respect to his first assignment of error. Accordingly, appellant's first assignment of error is overruled.
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDAT [SIC] HIS RIGHT TO A SPEEDY TRIAL."
 {¶ 11} Appellant's second stated assignment of error asserts that he was denied his right to a speedy trial. This presents two problems. First, appellant failed to move to dismiss the charge on speedy trial grounds prior to trial, resulting in a waiver of the speedy trial defense. See Crim.R. 12(C) (defenses and objections based on defects in the institution of the prosecution must be raised before trial); Crim.R. 12(H) (failure to raise defenses or objections that must be made prior to trial shall constitute a waiver of such defenses or objections). As this court noted in State v. Hamilton, Clermont App. No. CA2001-04-044, 2002-Ohio-560:
 {¶ 12} "The speedy trial provisions of R.C. 2945.37 are not se lf-executing, but must be *Page 4 
asserted by an accused in a timely fashion. The plain language of [R.C.2945.73(B)] states that the proper method of raising this issue is `[u]pon motion made at or prior to the commencement of trial[.]' It is the motion that triggers the prosecution's duty to produce evidence which rebuts the defendant's assertion that his trial has been delayed too long. Absent such a motion, the state does not have a burden to produce evidence justifying the delay." (Citations omitted.) (Emphasis sic.) Id. at 5-6.
 {¶ 13} The second problem with appellant's second assignment of error is that the body of his brief actually appears to challenge the propriety of a continuance granted by the trial court to the state when the state notified the court that its key witness, SODC Superintendent James Krumer, was out of state on vacation at the time of trial. This argument too is without merit.
 {¶ 14} A trial court has broad discretion in determining whether to grant or deny a continuance. State v. Unger (1981), 67 Ohio St.2d 65,67. When evaluating a motion for a continuance, the court may consider the length of the delay requested, prior continuances, inconvenience, the reason for the delay, whether the defendant contributed to the delay, and any other relevant factors. Id. at 67-68. An appellate court may not reverse the denial of a continuance absent an abuse of discretion. Id. at 67. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151,158.
 {¶ 15} We find that the trial court did not abuse its discretion in granting the state's continuance when its key witness was on vacation at the time of trial. In State v. Barnett, Fayette App. No. CA2002-06-011, 2003-Ohio-2014, this court upheld the trial court's granting of a continuance where one of the state's key witnesses was on vacation during the time scheduled for trial. Id. at ¶ 11. Such circumstances constituted reasonable grounds upon which to grant a continuance. Id. See, also, State v. Saffell (1988), 35 Ohio St.3d 90, 91-92. *Page 5 
Furthermore, this court determined that a continuance granted under these circumstances operated as a tolling event under R.C. 2945.72(H) (the period of any reasonable continuance granted other than upon the accused's own motion extends the speedy trial deadline).Barnett at ¶ 11.
 {¶ 16} In this case, Krumer was a necessary and unavailable witness. There was some dispute as to the timing of Krumer's vacation request at the same time as appellant's trial in view of the fact that he and appellant had personally clashed on a number of occasions. The record reveals that Krumer submitted a vacation request on August 2, which was approved on August 4. We note that the continuance granted by the court on this basis did not unreasonably delay the case, that some of the delays in the case were attributable to appellant, and that appellant was timely brought to trial. The propriety of Krumer's ill-timed vacation request thus does not have a large impact on this matter, and it was not unreasonable for the court to grant such a continuance to retain this key witness.
 {¶ 17} We conclude that appellant's speedy trial right was not violated and the trial court was within its discretion when it granted the state's motion for a continuance. Appellant's second assignment of error is overruled.
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE DEFENDANT WAS MARGINALLY INDIGENT INSTEAD OF INDIGENT AND THIS IS IMPORTANT BECAUSE OF THE IMPOSITION OF THE $25.00 FEE AND THE $50.00 FEE PLACED UPON MARGINALLY INDIGENT INDIVIDUALS AND THE COURT COSTS."
 {¶ 20} The Clerk of Courts assessed a $25 public defender application fee to appellant and an additional $50 fee after he was determined to be marginally indigent. In his third assignment of error, appellant argues that the trial court erroneously determined that he was marginally indigent rather than indigent. He maintains that the $25 and $50 fees and court *Page 6 
costs should have been waived because he is indigent.
 {¶ 21} Again, appellant failed to identify the portions of the record upon which his third assignment of error is based and failed to support his third assignment of error with any pertinent argument or citations. App.R. 12(A)(2); App.R. 16(A)(7). He asserts that the fees and costs should have been waived "because he is indigent," followed by no supporting argument, legal authority, or citation to the record. As a result, this court has no basis for determining why the marginally indigent determination was inappropriate. Appellant has not met his burden to demonstrate error by the trial court with respect to his third assignment of error. Hairston, 2006-Ohio-4925 at ¶ 11. Accordingly, appellant's third assignment of error is overruled.
 {¶ 22} Assignment of Error No. 4:
 {¶ 23} "THE TRIAL COURT ERRED WHEN THE DEFENDANT WAS DENIED APPOINTED COUNSEL BEFORE OR AT THE FIRST BOND HEARING."
 {¶ 24} In his fourth assignment of error, appellant contends that the trial court erred when it did not appoint an attorney from the state public defender's office to represent him. Appellant also argues that the trial court erred in failing to appoint counsel for him during the initial bond setting and during the indigency assessment.
 {¶ 25} A criminal defendant is guaranteed the right to counsel by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. This right, however, does not necessarily guarantee counsel of one's own choosing. State v.Cowans, 87 Ohio St.3d 68, 72, 1999-Ohio-250; In re Mraz, Brown App. Nos. CA2002-05-011, 2002-07-014, 2002-Ohio-7278, ¶ 28. The right must be balanced with the public interest in the prompt, orderly, and efficient administration of justice. Mraz at ¶ 28. Here, appellant was appointed a local private attorney rather than a state public defender. Although this may not have been the representation of appellant's choosing, his right to *Page 7 
counsel was not thereby violated and was in fact upheld by the appointment of counsel.
 {¶ 26} A defendant's right to counsel only attaches to "critical stages" of a criminal prosecution that might jeopardize a defendant's right to a fair trial. United States v. Wade (1967), 388 U.S. 218, 224,87 S.Ct. 1926. We can find no authority that states bond hearings and indigency assessments are critical stages. Both are conducted for limited purposes and are non-adversarial in nature. See Medina v.Pfaff, Medina App. No. 06CA0094-M, 2007-Ohio-2675, ¶ 17. Appellant thus did not have a constitutional right to representation during these portions of the proceedings.
 {¶ 27} Appellant's fourth assignment of error is overruled.
 {¶ 28} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2911.21 provides, in pertinent part: "No person, without privilege to do so, shall do any of the following: * * * Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access[.]" R.C. 2911.21(A)(3). *Page 1