**[Cite as *State v. Butler*, 2021-Ohio-603.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-218 |
| | : | |
| JORDAN DANIEL BUTLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of March, 2021.

. . . . . . . . . . .

ELIZABETH HANNING SMITH, Atty. Reg. No. 0076701, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Jordan Butler, appeals from his convictions for attempted unlawful sexual conduct with a minor, soliciting, and sexual battery. Specifically, he asserts that the prison sentence the trial court imposed was contrary to law. Finding no merit in this contention, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Following plea negotiations, Butler pleaded guilty to attempted unlawful sexual conduct with a minor, a fourth-degree felony, soliciting, a third-degree felony, and sexual battery, a third-degree felony. Butler's conduct involved three minors who were 13 or 14 years old at the time each event occurred. Following a sentencing hearing, the trial court imposed a 105-month prison term as follows: 15 months for attempted unlawful sexual conduct with a minor; 30 months for soliciting; and 60 months for sexual battery, with the sentences to be served consecutively. This appeal followed.

## Analysis

{¶ 3} Butler's single assignment of error is as follows:

[BUTLER'S] 105 MONTH PRISON SENTENCE IS CONTRARY TO LAW.

{¶ 4} Butler argues that his sentence was contrary to law for two reasons: first, that the sentence was "excessive," because the offenses to which he pleaded guilty did "not carry a presumption for prison," and, second, that the trial court, when making its sentencing decision, considered unindicted and disputed past allegations of a similar nature.

{¶ 5} A "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021,

992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopold*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. The sentencing hearing transcript and the trial court's judgment entry reveal the trial court's thorough consideration of R.C. 2929.11 and R.C. 2929.12.[1] Further, there is no statutory or case law to support Butler's contention that the sentence was "excessive," and thus contrary to law, because the offenses to which he pleaded guilty did not trigger a statutory presumption that a prison term was necessary. As such, we reject Butler's first argument in support of his assignment of error.

{¶ 6} Next Butler asserts that, in reaching its sentencing decision, the trial court inappropriately considered two past but unindicted and disputed allegations. As reflected by the sentencing hearing transcript and the presentence investigation report (PSI), each allegation -- one that occurred in 2008 but came to light in 2016 and a second in 2017 -- involved alleged sexual activity between Butler and a minor. As noted, although these allegations were investigated by the police, neither resulted in an indictment. The trial court discussed each allegation with Butler at the sentencing hearing. During this discussion, Butler denied the allegations. In its sentencing hearing discussion of recidivism factors (R.C. 2929.12(D)) and how these factors affected the

---

[1] In December 2020, the Ohio Supreme Court decided *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __. Among other things, the *Jones* decision noted that R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it is "contrary to law." *Id.* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). But the Supreme Court ruled that an appellate court may not vacate or modify a sentence based upon the conclusion that the sentence is contrary to law because it "is not supported under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39.

likelihood that Butler would commit future crimes, the trial court stated in relevant part:

> * * * The Court cannot find that the Defendant has led a law-abiding life for a significant number of years. Nor can the Court find that the offenses were committed under circumstances unlikely to recur as the Defendant has faced similar allegations of sexual propositioning with two additional sets of minors. No. With one additional minor in 2016 in Union County for conduct that occurred in 2008. And for sexual assault in 2017 in Logan County. The Court acknowledges that the Defendant has not been found guilty of those allegations however.

Sentencing Tr. p. 43. This discussion was incorporated into Butler's judgment entry as follows:

> The Court cannot find that the Defendant has led a law-abiding life for a significant number of years nor can the Court find that the offenses were committed under circumstances unlikely to recur, as the Defendant has faced similar allegations of "other act" sexual propositioning with one additional minor in 2016 (in Union County for conduct in 2008) and sexual assault in 2017 in Logan County.

> The Court acknowledges that the Defendant has not been found guilty of those allegations, however.

{¶ 7} We have stated the following regarding the information a trial court may consider when making a sentencing decision:

> * * * [A] trial court may rely on "a broad range of information" at sentencing. *State v. Bowser*, 186 Ohio App.3d 162, 926 N.E.2d 714, 2010-

Ohio-951, ¶ 13. "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *Id.* at ¶ 14 * * *. Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement. *Id.* at ¶ 15-16 * * *. "[B]ased on how the court perceives true facts in a case, it may believe that the offender committed a crime other than, or in addition to, the one to which he pleaded." *Id.* at ¶ 20 * * *. Notably, a court may consider "allegations of uncharged criminal conduct found in a PSI report[.]" *Id.* at ¶ 15 * * *.

*State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43.

{¶ 8} We further stated in *Bodkins* that "the information contained in the PSI confirm[ed] the trial court's belief Bodkins had engaged in drug-related conduct far beyond his offense of conviction and had committed tax evasion. The trial court was permitted to take this uncharged conduct into consideration when evaluating his character and social history to determine an appropriate sentence." *Bodkins* at ¶ 45. But in *Bodkins*, the uncharged conduct the trial court considered was conduct that Bodkins admitted to committing. Thus, *Bodkins* does not address the precise issue presented in this case.

{¶ 9} In *State v. Wiles*, 2d Dist. Clark No. 2017-CA-69, 2018-Ohio-3077, we considered a closer, but not completely analogous, situation. At the sentencing hearing, the trial court questioned Wiles concerning similar charges that were dismissed. Although acknowledging certain details regarding the dismissed charges, Wiles denied

the alleged conduct. We stated that there was "no indication in the record that the trial court "failed to accept [Wiles's] explanations and actually considered the facts underlying past dismissed charges in fashioning its sentence." *Id.* at ¶ 25. Thus *Wiles*, though a closer fit, does not answer the narrow issue in the pending case.

{¶ 10} Turning, then, to Butler's sentence, although the trial court noted that Butler had not been convicted of the past allegations, it did use the allegations in its R.C. 2929.12(D) determination that the trial court could not "find that the offenses were committed under circumstances unlikely to recur * * *." Thus, we must decide whether the trial court's use of the unindicted and disputed allegations in arriving at its "unlikely to recur" conclusion rendered Butler's sentence contrary to law.

{¶ 11} The trial court's recidivism conclusion was also supported by the trial court's conclusion that Butler had a history of criminal convictions, which was confirmed by the PSI, and by the trial court's finding that Butler engaged in prohibited sexual conduct with another prisoner while incarcerated awaiting trial. Further, the prison sentence was supported by the trial court's rather exhaustive consideration of the R.C. 2929.12 sentencing factors and the R.C. 2929.11 purposes and principles of sentencing.

{¶ 12} Focusing on the unindicted allegations, as noted, the trial court considered these allegations for the narrow finding that the trial court could not "find that the offenses were committed under circumstances unlikely to recur * * *." Given the quite similar circumstances between the unindicted allegations and the conduct to which Butler pleaded guilty, we cannot conclude that the trial court inappropriately considered the uncharged allegations for this limited purpose. Further, based upon this conclusion and the trial court's consideration of other recidivism factors, we cannot conclude that the trial

court's use of the unindicted allegations rendered Butler's sentence contrary to law.[2]

Having rejected both supporting arguments, Butler's sole assignment of error is overruled.

## Conclusion

**{¶ 13}** The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies sent to:

Elizabeth Hanning Smith
Kirsten Knight
Hon. Nick A. Selvaggio

---

[2] We acknowledge some tension between our discussion in this case and the Ohio Supreme Court's decision in *Jones.* But given our resolution of the case, this tension does not require resolution.