[Cite as *State v. Baker*, 2022-Ohio-3271.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-133 |
| | : | O P I N I O N |
| - vs - | | 9/19/2022 |
| | : | |
| JOSHUA BAKER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-03-0365

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**BYRNE, J.**

{¶1} The Butler County Court of Common Pleas convicted Joshua Baker of aggravated arson and sentenced him to an indefinite prison term pursuant to the Reagan Tokes Law, R.C. 2967.271. Baker appealed both his conviction and his sentence. For the reasons that follow, we affirm.

**I. Facts and Procedural Background**

{¶2} In April 2021, a Butler County grand jury indicted Baker on one count of aggravated arson in violation of R.C. 2909.02(A)(2), a felony of the second degree. The

indictment arose from allegations that Baker lit a fire inside an occupied structure, a duplex, in Hamilton, Ohio.

{¶3} Baker entered a written plea of not guilty by reason of insanity ("NGRI"). Baker also moved for an evaluation of his competency to stand trial and for an NGRI evaluation. The trial court, pursuant to R.C. 2945.371, ordered both evaluations. The court further ordered that the evaluations be conducted by the Forensic Evaluation Service Center ("FESC").

{¶4} In May 2021, Baker met with Joy McGhee, Psy.D., a clinical and forensic psychologist affiliated with the FESC. Dr. McGhee issued two written reports, one presenting her competency evaluation and the other presenting her NGRI evaluation. Dr. McGhee opined that Baker experienced the symptoms of schizoaffective disorder, a severe mental illness, but that he did not have a "mental defect" or intellectual disability. Dr. McGhee opined that Baker was experiencing the active symptoms of his severe mental illness at the time of the offense but that he *did* know the wrongfulness of the acts charged. Dr. McGhee further opined that Baker was currently capable of understanding the nature and objective of the legal proceedings against him, that he was currently capable of assisting counsel in his own defense, and that he should be considered competent to stand trial.

{¶5} At a competency hearing, and based on Dr. McGhee's competency evaluation report, the trial court found Baker competent to stand trial. The parties discussed the fact that an NGRI evaluation also had been completed and the court asked if a trial date needed to be set. Baker's counsel stated, "Judge, I was just able to give him discovery. It is the Court's prerogative if you want to set [a trial date] or if you want to wait to come back on June 10th and see where we are." The court continued the matter "for a plea or trial setting" on June 10, 2021.

{¶6} The parties appeared for the plea or trial setting on June 10, 2021. Baker's counsel requested that the court order a "second NGRI evaluation." The court agreed, stating it believed that Baker was entitled by statute to a second NGRI evaluation. The court asked Baker's counsel who he would like to perform the evaluation. Counsel responded, "Your Honor, either Dr. Hokes [phonetic] or Dr. Dreyer."

{¶7} The court asked Baker's counsel if he would like to "contact those doctors to find out which one is actually going to do" the NGRI evaluation, or whether Baker's counsel would like the court to contact them, interview them, and decide who would conduct the second evaluation. Baker's counsel stated that he would contact the doctors. The court agreed with that procedure, commenting, "if it's going to be independent though, I really think you [referring to Baker's counsel] ought to tell us which doctor you want me to order to do the interview, instead of it being another court-ordered or court-orchestrated NGRI evaluation." Baker's counsel responded, "Understood. I'll check with Dr. Dreyer and if she's available then have her do it."

{¶8} The court issued a written entry granting Baker's motion for a second NGRI evaluation and ordering that the evaluation be conducted by Dr. Dreyer. Dr. Dreyer then met with Baker for a clinical interview. Dr. Dreyer's report is not in our record on appeal, though Baker refers to it and its contents in his appellate brief. According to Baker's appellate counsel, Dr. Dreyer, like Dr. McGhee, opined that Baker understood the wrongfulness of the charged acts.

{¶9} In July 2021, Baker moved to suppress incriminating statements he made to a fire investigator, arguing that such statements were obtained in violation of his *Miranda* rights.[1] In September 2021, the parties appeared before the court for a suppression

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966)

hearing. At the conclusion of the hearing, the court denied Baker's motion.

{¶10} Baker's counsel then indicated that Baker wished to plead no contest. The court engaged Baker in a plea colloquy. During the colloquy, Baker indicated he understood the constitutional rights he was foregoing by entering the plea. The court found that Baker understood the rights he was waiving. The court accepted Baker's no contest plea and found him guilty of aggravated arson as charged.

{¶11} At sentencing, the court imposed an indefinite prison term of two to three years in prison, pursuant to the Reagan Tokes Law. Baker appealed, raising three assignments of error.

## II. Law and Analysis

### A. Assignment of Error No. 1

{¶12} BAKER WAS DEPRIVED OF AN "INDEPENDENT EXPERT EVALUATION" UNDER R.C. 2945.371(B) AND DUE PROCESS.

{¶13} Baker's Assignment of Error No. 1 states that he was deprived of an "independent expert evaluation" under R.C. 2945.371(B) *and* "due process." But while Assignment of Error No. 1 mentions "due process," Baker makes no argument whatsoever regarding due process in his brief. Baker only presents arguments about the meaning of an "independent expert evaluation" under R.C. 2945.371(B).

{¶14} App.R. 12(A)(1)(b) provides that we must determine an appeal on its merits on the assignments of error set forth in the briefs under App.R. 16. In turn, App.R. 16(A)(7) obligates the appellant to include within his or her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that we "may disregard an assignment of error presented for review if the party raising it fails to identify

in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Because Baker has not set forth any argument concerning the "due process" portion of Assignment of Error No. 1, we need not address whether Baker was denied due process. *See State v. McClendon*, 12th Dist. Fayette No. CA2021-09-021, 2022-Ohio-1441, ¶ 24; *State v. Constable*, 12th Dist. Clermont No. CA2006-12-107, 2007-Ohio-6570, ¶ 5-8.

{¶15} We now turn to Baker's argument regarding R.C. 2945.371(B). That statute states:

> If the court orders more than one evaluation under division (A) of this section, the prosecutor and the defendant may recommend to the court an examiner whom each prefers to perform one of the evaluations. If a defendant enters a plea of not guilty by reason of insanity and if the court does not designate an examiner recommended by the defendant, the court shall inform the defendant that the defendant may have *independent expert evaluation* and that, if the defendant is unable to obtain independent expert evaluation, it will be obtained for the defendant at public expense if the defendant is indigent.

(Emphasis added.)

{¶16} Baker states, without citation to any supporting statement in the record, that Dr. McGhee (the first evaluator) and Dr. Dreyer (the second evaluator) were both employees of the same evaluation center, i.e., FESC. Baker argues that because Dr. McGhee and Dr. Dreyer were both affiliated with FESC, they "lacked independence from each other, raising an imputed conflict and the risk that their NGRI conclusions were the same due to influence or bias—either actual, potential, or perceived." Baker concludes that he was therefore denied the "independent" expert evaluation to which he was entitled under R.C. 2945.371(B).

{¶17} Baker admits that this is an issue of first impression and that "independent" is not defined by R.C. 2945.37, which includes a definitions section applicable to R.C.

2945.371. Baker presents various text-based arguments as to why the phrase "independent expert evaluation," as used in R.C. 2945.371(B), precludes the use of an evaluator affiliated with the same forensic clinic as the first evaluator who was selected by the court to assess an NGRI claim.

**{¶18}** Before addressing the merits of Baker's argument regarding R.C. 2945.371(B), we note that the state urges us to find that Baker waived that argument by entering a no contest plea. The state cites *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph two of the syllabus, and suggests that a no contest plea should be treated like a guilty plea, which "waives all appealable errors that might have occurred at trial unless the errors precluded him from entering a knowing and voluntary plea." The state does not address Crim.R. 12(I), which states that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion * * *." Instead, the state points us to two cases which include potentially relevant language, but the holdings of which are not directly applicable to the issues before us. *See State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 34 (12th Dist.) (rejecting argument that guilty plea was invalid because an NGRI plea was never withdrawn and holding that "when a defendant enters a plea of [NGRI] and then later enters a plea of guilty without formally withdrawing the [NGRI] plea, the defendant has waived any argument pertaining to the insanity defense"); *State v. Langenkamp*, 3d Dist. Shelby Nos. 17-07-08, 17-08-09, 2008-Ohio-1136, ¶ 29 (applying the *McQueeney* holding to a no contest plea). Baker does not address the state's waiver argument.

**{¶19}** We need not decide whether Baker's no contest plea waived his argument regarding R.C. 2945.371(B) because, even if the plea did not waive the argument, Baker's argument would fail. Baker *requested* the appointment of Dr. Dreyer, and the trial court granted his request. Baker's argument that the trial court erred in appointing Dr. Dreyer is

therefore barred by the invited-error doctrine. "[U]nder the invited-error doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the trial court to make." *State v. Schuler*, 12th Dist. Preble No. CA2018-04-067, 2019-Ohio-1585, ¶ 42, citing *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 243.

{¶20} For the foregoing reasons, we overrule Baker's first assignment of error.

**B. Assignment of Error No. 2:**

{¶21} THE TRIAL COURT ERRED BY FAILING TO MAKE THE REAGAN TOKES NOTIFICATIONS FROM R.C. 2929.19(B)(2)(C) AT THE SENTENCING HEARING.

{¶22} Baker contends that the trial court failed to advise him of the statutory notifications that R.C. 2929.19(B)(2)(c) requires a trial court to make when imposing an indefinite prison term under the Reagan Tokes Law. That statute provides:

> (2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> * * *
>
> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (i)  That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii)  That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii)  That if, as described in division (B)(2)(c)(ii) of this section,

the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

**{¶23}** Baker correctly notes that we have held that the R.C. 2929.19(B)(2)(c) notifications are mandatory. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24 (holding that "when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute," and that the failure to do so requires that the sentence be reversed and remanded for resentencing).

**{¶24}** At the sentencing hearing in this case, the trial court advised Baker of the following:

THE COURT: As indicated in the [*Hodgkin* case] and related cases, one of which just came out last week, I want to provide you with the following warning and information.

Revised Code Section [2929.19(B)(2)(c)] provides that if the Court determines that a prison term is necessary, as I have done in this case, the Court shall notify you of the following:

Number 1: That it is rebuttably presumed that you will be released from the service – I'm going to use the exact words as

- 8 -

set forth in the statute and the case law – so it's going to refer to you as an offender. I'll start over.

Number 1: That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of Ohio Revised Code, whichever is earlier;

That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Ohio Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive (indiscernible), if any, while confined, and the offender's security classification.

The next paragraph, captioned (iii), that if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Ohio Revised Code.

Section (iv), that the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section – those are the first two paragraphs that I read to you – more than one time, subject to the limitation specified in section 2967.271 of the Ohio Revised Code.

Subparagraph (v), Roman Number little five, that if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of the term.

{¶25} While Baker contends that the trial court "erred by failing to make any Reagan Tokes notifications at the sentencing hearing," the portion of the sentencing hearing transcript quoted above demonstrates that the exact opposite is true. Rather than "failing to make any Reagan Tokes notifications," the trial court not only made the R.C.

2929.19(B)(2)(c)(i)-(v) notifications, but made them virtually verbatim by reading them directly from the statute. Baker's argument is meritless. We overrule Baker's second assignment of error.

**C. Assignment of Error No. 3:**

{¶26} THE REAGAN TOKES LAW IS UNCONSTITUTIONAL.

{¶27} Baker argues that the trial court plainly erred by imposing an indefinite sentence under the Reagan Tokes Law, R.C. 2967.271. Baker contends that Reagan Tokes Law violates (1) his procedural due process rights under the Fourteenth Amendment, (2) his jury trial rights under the Sixth Amendment, and (3) the Fourteenth Amendment prohibition on vague criminal laws.

{¶28} Baker admits that he did not raise a challenge to the constitutionality of the Reagan Tokes Law with the trial court. As we have repeatedly stated, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court." *State v. Bond*, 12th Dist. Butler No. CA2021-08-103, 2022-Ohio-1628, ¶ 28, citing *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7; *Hodgkin*, 2021-Ohio-1353 at ¶ 11; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8; *State v. Roberson*, 12th Dist. Warren No. CA2021-01-033, 2021-Ohio-3705, ¶ 39-40. *Accord State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, ¶ 35. Accordingly, consistent with this court's precedent, we overrule Baker's third assignment of error.

**III. Conclusion**

{¶29} We have overruled all three of Baker's assignments of error. Baker's argument that he was denied an "independent" expert evaluation under R.C. 2945.371(B)

- 10 -

is barred by the invited-error doctrine because Baker requested the appointment of the expert evaluator whose appointment he now challenges. The trial court properly advised Baker of certain statutory notifications regarding indefinite sentences. Finally, Baker's failure to raise any challenge to his indefinite sentence before the trial court forfeited that argument on appeal.

**{¶30}** Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.