[Cite as *State v. Atha*, 2022-Ohio-3842.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :    Appellate Case No. 2022-CA-12
                                                 :
v.                                               :    Trial Court Case No. 2021-CR-755
                                                 :
DANIAL ATHA                                      :    (Criminal Appeal from
                                                 :    Common Pleas Court)
    Defendant-Appellant                      :
                                                 :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of October, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ALANA VAN GUNDY, Atty. Reg. No. 0100651, P.O. Box 245, Bellbrook, Ohio 45305
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Danial Atha appeals his conviction for felonious assault, challenging his sentence.   Because we find no error in sentencing, we affirm.

### I.    Facts and Procedural History

{¶ 2} On April 24, 2021, 83-year old Garry McGuire was assaulted.   The assault caused multiple injuries including a left forehead hematoma, a laceration to the left eyebrow, a fracture of two thoracic vertebrae, a fracture of his left scaphoid, multiple abrasions and lacerations to his right upper extremity, and a subdural hematoma.    The injuries to his head required emergency brain surgery, after which McGuire suffered a brain hemorrhage and seizure.   McGuire died approximately two months later. Following an autopsy, the coroner determined the cause of death to be blunt force trauma to the head with intracranial hemorrhage, contributed to by therapeutic anticoagulants.

{¶ 3} Following an investigation, Atha was indicted on one count of felonious assault in violation of R.C. 2903.11(A) and one count of felony murder in violation of R.C. 2903.02(B).   The matter proceeded to a jury trial.   The jury convicted Atha of felonious assault but acquitted him on the charge of murder.   The trial court sentenced Atha to an indefinite prison term of 8-12 years.

{¶ 4} Atha appeals.

### II.    Analysis

{¶ 5} Atha's sole assignment of error states as follows:

APPELLANT'S  INDEFINITE  8  TO  12  YEAR  PRISON  SENTENCE  IS

CONTRARY TO LAW

**{¶ 6}** Atha challenges his sentence, claiming that the trial court imposed an excessive sentence after it considered inappropriate information provided by the State.

**{¶ 7}** in 2018, the Ohio legislature enacted 2018 S.B. No. 201, commonly known as the Reagan Tokes Law, which altered sentencing by implementing an indefinite sentencing system for non-life felonies of the first and second degree committed on or after March 22, 2019.   Under this law, when imposing prison terms for defendants found guilty of first- or second-degree felony offenses, sentencing courts must impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144.

**{¶ 8}** As relevant here, R.C. 2929.14(A)(2)(a) provides:

For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code.

**{¶ 9}** Trial courts have full discretion to impose a prison sentence within the permitted statutory range and are not required to make findings or give their reasons for imposing maximum or more than the minimum sentences.   *State v. Searls*, 2022-Ohio-858, 186 N.E.3d 328, ¶ 38 (2d Dist.), citing *State v. Kelly*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85.   However, "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C.

2929.11 and R.C. 2929.12." *Searls* at ¶ 38.

{¶ 10} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 11} Prior to sentencing, the trial court heard from the State, defense counsel, the victim's granddaughter, and Atha. The court also reviewed the presentence investigation report (PSI). Relevant to Atha's assignment of error, the prosecutor made statements to the court indicating that the victim had purchased a home for Atha and his daughter. The prosecutor went on to state that the house had burned down because "they" were making methamphetamine. The prosecutor also made a statement that "they stole from the victim."

{¶ 12} Atha claims the statements by the prosecutor were inflammatory and not supported by the record. He further contends that the trial court imposed an excessive sentence based upon the prosecutor's allegations. The State argues the information cited by the prosecutor at the sentencing hearing was proper. In support, the State relies upon *State v. Butler*, 2d Dist. Champaign No. 2020-CA-14, 2021-Ohio-603, wherein this court stated:

"* * * [A] trial court may rely on 'a broad range of information' at sentencing.

*State v. Bowser*, 186 Ohio App.3d 162, 926 N.E.2d 714, 2010-Ohio-951, ¶ 13. 'The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt.' *Id.* at ¶ 14 * * *. Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement. *Id.* at ¶ 15-16 * * *. '[B]ased on how the court perceives true facts in a case, it may believe that the offender committed a crime other than, or in addition to, the one to which he pleaded.' *Id.* at ¶ 20 * * *. Notably, a court may consider 'allegations of uncharged criminal conduct found in a PSI report[.]' *Id.* at ¶ 15 * * *.

*Id.* at ¶ 7, quoting *State v. Bodkins*, 2d Dist. Clark No. 2010-CA-38, 2011-Ohio-1274, ¶ 43.

{¶ 13} We have reviewed the record and cannot discern how the State obtained the information to which Atha objects. The information was not contained in the PSI or set forth in any documents in the record. The State did not claim the alleged incidents resulted in any charges and did not set forth any basis for the statements. And we cannot otherwise determine whether there was any factual basis for the statements. Though the statements were perhaps problematic, the record does not support a conclusion that the statements influenced the trial court's sentencing decision.

{¶ 14} The trial court noted that Atha had prior misdemeanor convictions. The court noted that Atha also had a felony conviction for which he had initially been sentenced to community control; however, after violating the terms of community control, Atha

ultimately served a seven-month prison term. The trial court expressly stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors. Further, the trial court noted that Atha, who was 57, had assaulted an 83-year-old man. The court noted that Atha had not been convicted of murder but had been found to have caused serious physical harm to the victim, noting that the harm was "pretty extensive." There is nothing in the record to indicate that the trial court considered the improper statements made by the prosecutor. Thus, in the absence of evidence to the contrary, we will presume the trial court did not consider any improper information which may have been presented during sentencing.

{¶ 15} Finally, we note that the sentence was within the statutory range. The trial court clearly considered the principles and purposes of sentencing, the seriousness and recidivism factors, and the fact that the assault resulted in very serious injuries to the victim. Based upon this record, we cannot conclude that the trial court's sentencing decision was influenced by the comments at issue or that the sentence was otherwise contrary to law. Thus, we find no basis for reversing the sentence.

{¶ 16} Atha's assignment of error is overruled.

### III. Conclusion

{¶ 17} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J., concurs.

WELBAUM, J., concurs:

{¶ 18} I am writing separately to briefly express my views concerning the contested information provided by the prosecuting attorney during the sentencing hearing. First, I am not troubled by the prosecuting attorney's providing the contested information because R.C. 2929.19 explicitly allows it. Subsection (A) of the statute grants the prosecutor identical rights as the offender, victim, and victim's representative to present relevant information to the trial court at the sentencing hearing. Specifically, the statute provides, in pertinent part, that:

At the [sentencing] hearing, the offender, *the prosecuting attorney*, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and with approval of the court, any other person may *present information relevant to the imposition of sentence in the case*.

(Emphasis added.) R.C. 2929.19(A).

{¶ 19} Subsection (B)(1)(a) of the statute also provides that:

At the sentencing hearing, the court, before imposing sentence, shall do all of the following:

(a) Consider the record, *any information presented at the hearing by any person pursuant to division (A) of this section*, and, if one is prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

(Emphasis added.) R.C. 2929.19(B)(1)(a).

{¶ 20} I find it significant that the only restriction placed upon the prosecuting attorney (and the other listed providers of information) is that the information be "relevant to the imposition of sentence in the case." R.C. 2929.19(A). I also find it significant that, before imposing a sentence, the trial court is required to not only consider the record, the PSI report, and any victim impact statement, but also "any information presented at the hearing by any person pursuant to division (A) of [R.C. 2929.19]." R.C. 2929.19(B)(1)(a). This means that the information presented to the trial court does not have to be derived from the record. There is also no requirement for the information to be documented or sourced from the PSI. Under the wording of subsection (B)(1)(a), the PSI is a separate source of information.

{¶ 21} It is also important to recognize that under R.C. 2929.19(A), a provider of information can be "any other person approved by the court." Therefore, it is possible that, after being approved to do so, a friend, neighbor, or concerned citizen could attend the sentencing hearing and provide relevant information for the trial court to consider for purposes of sentencing. In most circumstances, such information would be unsourced, undocumented, or not derived from the record, yet the trial court would still be able to consider it. Because R.C. 2929.19 treats all providers of information equally, information provided by the prosecuting attorney that is also unsourced, undocumented, or not derived from the record should likewise be considered by the trial court.

{¶ 22} I would also like to express that I am not troubled by the lack of factual basis given for the contested information provided by the prosecuting attorney. That said, had the prosecuting attorney been more articulate regarding the source of the contested

information or its factual basis, and provided more detail, the information would have been more persuasive. However, the lack of specificity regarding the factual basis of the information merely undermines its weight; it does not cause the information to be illegal or unlawful. While the trial court was required by statute to consider the information, the trial court was free to determine what weight, if any, to give it. The trial court holds the ultimate discretion to disregard any information it finds to be vague, unsubstantiated, unpersuasive, or unreliable. Moreover, if the trial court had any questions about the factual basis of the information, it could have inquired about it at the sentencing hearing.

{¶ 23} Accordingly, under the facts of this case, in my view, there is nothing troubling about the contested information provided to the trial court by the prosecuting attorney. Appellant, through his trial counsel, did not challenge the accuracy of the information. If the information was incorrect or unfairly vague, counsel had a duty to notify the trial court. If counsel mistakenly failed to correct the prosecuting attorney, that would involve matters outside the record and could be addressed in a post-conviction relief proceeding alleging ineffective assistance of counsel.

{¶ 24} Otherwise, I agree with the majority and concur in the affirmance.

Copies sent to:

Ian A. Richardson
Alana Van Gundy
Hon. Douglas M. Rastatter