[Cite as *State v. Reynolds*, 2022-Ohio-4690.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                      CASE NO. 12-22-07

      v.

JAMES ROBERT REYNOLDS,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Putnam County Common Pleas Court
Trial Court No. 2021 CR 00063

Judgment Affirmed

Date of Decision: December 27, 2022

APPEARANCES:

    *Timothy J. Hoover* for Appellant

    *Todd C. Schroeder* for Appellee

Case No. 12-22-07

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, James Robert Reynolds ("Reynolds"), appeals the June 28, 2022 judgment of sentencing of the Putnam County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 22, 2021, the Putnam County Grand Jury indicted Reynolds on three criminal charges including Count One for escape in violation of R.C. 2921.34(A)(1), (C)(2)(b), a third-degree felony; Count Two for domestic violence in violation of R.C. 2919.25(A), (D)(3), a fourth-degree felony; and Count Three of vandalism in violation of R.C. 2909.05(B)(2), (E). On September 27, 2021, Reynolds appeared for arraignment and entered not-guilty pleas.

{¶3} However, on May 16, 2022, Reynolds entered guilty pleas under a negotiated-plea agreement. The negotiated-plea agreement between Reynolds and the State provided that, in exchange for Reynolds's guilty pleas and his agreement to pay $447.00 in restitution to the Fort Jennings Police Department, the State agreed to amend Count One to attempted escape in violation of R.C. 2923.02(A) and 2921.34(A)(1), a fourth-degree felony; to amend Count Two to domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; and to dismiss Count Three.[1] Furthermore, the State agreed to defer to the trial court as to the sentence and imposition of any judicial sanction for the post-release-control

---

[1] At the time of his change-of-plea hearing, Reynolds was on post-release control in Paulding County and on community control in Logan County.

violation. The trial court conducted its Crim.R. 11 colloquy accepting Reynolds's guilty pleas, found him guilty, and ordered a presentence investigation.

{¶4} On June 27, 2022, the trial court sentenced Reynolds to a 17-month definite prison term under Count One, and he was given 301 days jail-time credit. Then, the trial court sentenced Reynolds to 180 days in jail under Count Two giving him 180 days of jail-time credit, which resulted in time served. Next, the trial court acknowledged that Reynolds was on post-release control in Paulding County in case number CR18670 at the time he was convicted and sentenced under Count One, a *new* felony. Thereafter, the trial court terminated Reynolds's term of post-release control under R.C. 2929.141 and imposed his remaining 398 days (of post-release control) as a judicial sanction. The trial court then ordered the 17-month prison term under Count One to be run consecutively to the 398 days imposed under post-release control.

{¶5} Reynolds filed a timely notice of appeal and raises one assignment of error for our review.

### Assignment of Error

**The trial court denied Appellant due process of law in imposing the judicial sanction pursuant to Section 2929.141 of the Ohio Revised Code.**

{¶6} In his assignment of error, Reynolds argues the trial court denied him due process of law by imposing a prison term for his violation of post-release

control. In his brief, however, Reynolds challenges the trial court's use of a letter, from the Adult Parole Authority ("APA"), arguing that such letter is not contained *in the record*, but was utilized by the trial court to calculate its judicial sanction imposed pursuant to R.C. 2929.141.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} Notably, Reynolds did not raise an objection at his sentencing hearing in the trial court on due-process grounds. Rather, in the trial court, Reynolds asserted that he was entitled to an additional 80-day reduction in the judicial sanction based upon a discrepancy between the trial court's and his trial counsel's calculations. Thus, appellant's failure to raise this issue in the trial court constitutes a forfeiture of that issue absent plain error. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23.

{¶9} Crim.R. 52(B) governs plain error in criminal cases. The Supreme Court of Ohio has held that "'the plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice.'" *State v. Long*, 53 Ohio St.2d 91, 95 (1978), quoting *United States v. Rudinsky*, 439 F.2d 1074, 1076 (6th Cir.1971), citing *Eaton v. United States*, 398 F.2d 485, 486 (5th Cir.1968). Because Reynolds did not object in the trial court on due-process grounds, we apply the plain-error rule to the facts before us.

*Analysis*

{¶10} As an initial matter, we must address the State's attachment of a document captioned "Special Minutes - R/W/A/L PRC" as an appendix to its brief offering an explanation for the disputed 80 days in the post-release-control calculations.[2] "To determine whether a trial court's sentence is appropriate, an appellate court's review is limited to (1) the pre-sentence investigation report (PSI); (2) the record from the trial court; and (3) any oral or written statements made to or by the court at the sentencing hearing." *State v. Hale*, 3d Dist. Marion No. 9-13-17, 2014-Ohio-262, ¶ 30 (Rogers, J. concurring in part and dissenting in part), citing R.C. 2953.08(F) and *State v. Tolliver*, 9th Dist. Wayne No. 03CA0017, 2003-Ohio-5050, ¶ 24. *See also* R.C. 2929.19(A). Significantly, the appendix of a brief is not considered part of the record on appeal. *See State v. Burgett*, 3d Dist. Marion No.

---

[2] It appears that Reynolds absconded post-release-control supervision for a period of 80 days, and thus, may not have been entitled to credit for those days towards the judicial sanction under R.C. 2929.141(A).

9-10-37, 2010-Ohio-5945, ¶ 30; App.R. 9(A).  Moreover "[i]t is well established, []

that ""'[a] reviewing court cannot add matter to the record before it, which was not

a part of the trial court's proceedings, and then decide the appeal on the basis of the

new matter.'"" *State ex rel. Municipal Construction Equipment Operators' Labor*

*Council v. Cleveland*, 162 Ohio St.3d 195, 2020-Ohio-3197, ¶ 19, quoting *State ex*

*rel. Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 207, 2006-Ohio-662,

¶ 20, quoting *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728,

730 (1995), quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of

the syllabus.  Consequently, we cannot and will not consider the "Special Minutes

- R/W/A/L PRC" submitted by the appellee.

{¶11} We now turn to Reynolds's argument that the trial court denied him

*due process of law* in imposing the judicial sanction under R.C. 2929.141.  Even

though Reynolds's assignment of error mentions *due process*, there is absolutely no

argument regarding *due process* in his brief.  Put more plainly–Reynolds fails to

identify whether he is challenging substantive- or procedural-due process; fails to

set forth a standard of review; fails to discuss the law regarding due process; and

fails to argue facts and cases that support his due-process argument.  Rather,

Reynolds challenges the trial court's reference to Thomas Stafford's ("Stafford")

letter, Reynolds's parole officer, at his sentencing hearing when conversing with

Reynolds's trial counsel regarding the calculation of Reynolds's maximum-prison

term under R.C. 2929.141(A)(1). Reynolds asserts that the letter was *outside the record*. As such, Reynolds is challenging the amount of post-release control imposed as a judicial sanction.

{¶12} Importantly, App.R. 12(A)(1)(b) provides that we must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs" under App.R. 16. Consequently, App.R. 16(A)(7) obligates the appellant to include within his or her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Further, App.R. 12(A)(2) provides that we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Because Reynolds set forth no argument regarding *due process* in this assignment of error, we need not address whether he was denied *due process*. *See State v. Baker*, 12th Dist. Butler No. CA2021-10-133, 2022-Ohio-3271, ¶ 13-14; *State v. McClendon*, 12th Dist. Fayette No. CA2021-09-021, 2022-Ohio-1441, ¶ 24; *State v. Constable*, 12th Dist. Clermont No. CA2006-12-107, 2007-Ohio-6570, ¶ 5-8. Moreover, since Reynolds failed to craft a plain-error argument, on appeal, we decline to fashion one for him.

{¶13} Notwithstanding our conclusion, we acknowledge that the trial court *may* have reviewed several letters at Reynolds's sentencing hearing that were *outside* of what would constitute the record (on appeal). Nevertheless, we acknowledge that those letters were discussed by the trial court and Reynolds's trial counsel *on the record*, and in open court, even though none were admitted as exhibits. *See* R.C. 2929.19(A), (B)(1)(a).

{¶14} Importantly, the trial court is permitted to consider *any information* presented at the sentencing hearing by *any person* provided it is with the approval of the trial court, and the offender is afforded the opportunity to address the trial court, as Reynolds was in the instant case.[3] *See* R.C. 2929.19(A), (B)(1)(a). *See also State v. Atha*, 2d Dist. Clark No. 2022-CA-12, 2022-Ohio-3842, ¶ 18-23 (Welbaum, J., concurring separately); *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶ 19-22; *Hale*, 2014-Ohio-262, at ¶ 30. Moreover, pursuant to R.C. 2929.19(B)(1)(a), if the trial court approves and permits the presentation of any such information, the trial court then must consider that information, in addition to the presentence investigation ("PSI"), before imposing

---

[3] Another aspect of R.C. 2929.19 was found unconstitutional on unrelated grounds by *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 54, *appeal not allowed*, 165 Ohio St.3d 1504, 2022-Ohio-85.

sentence.[4]  *See State v. Graham*, 11th Dist. Portage No. 2021-P-0035, 2022-Ohio-1140, ¶ 66, citing R.C. 2929.19(B)(1)(a).

{¶15} Ultimately, we are not able to reach a conclusion regarding the propriety of the trial court's calculation since appellant has failed to set forth such assignments of error in his brief.  *See* App.R. 12(A)(1)(b).  Nevertheless, we are able to conclude that the numerical figure regarding Reynolds's remainder of post-release control time (contained in the PSI) is consistent with the trial court's calculation.

{¶16} Accordingly, Reynolds's sole assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[4] In the PSI, the PSI writer noted that, at the time of sentencing, Reynolds had 398 days remaining on post-release control.  Indeed, the PSI is a part of the trial court's record and the record on appeal.